1 Louis A. Coffelt, Jr.

2 General Delivery

3 6771 Warner Avenue

4 Huntington Beach, CA 92647

5 email: Louis.Coffelt@gmail.com

6 Phone: (657) 456-3112

7 *Pro Se*

# UNITED STATES DISTRICT COURT

## for the Central District of California

| | |
|---|---|
| Louis A. Coffelt, Jr., ) | |
|    plaintiff, ) | Case No.  8:19-cv-01351   JVS - DFM |
|    -v- ) | |
| Andrew Anagnost, defendant, ) | |
| Pascal W. Di Fronzo, defendant, ) | Date: October 8, 2019 |
| Autodesk, Inc., defendant, ) | Time: 10:00 a.m. |
| Sony Pictures Imageworks, defendant, ) | Courtroom: 6B |
| Sony Corporation of America, defendant, ) | Hon. Douglas F. McCormick |
| Larry Gritz, defendant. ) | |
| _____ ) | |

**NOTICE OF MOTION; AND MOTION In Limine TO EXCLUDE**

**LAY ARGUMENTS AND TESTIMONY DIRECTED TO A COMPUTER PROGRAM**

**TO:** defendants, Andrew Anagnost, Pascal W. Di Fronzo, Autodesk, Inc., Sony Pictures Imageworks, Sony Corporation of America, Larry Gritz:

    PLEASE TAKE NOTICE that on Tuesday October 8, 2019 at 10:00 a.m. or as soon thereafter as the matter may be heard before the HonorableDouglas F. McCormick, in Courtroom 6B of the United States District Court of the Central District of California, located at 411 West 4th Street,

1  Santa Ana, CA 92701, Plaintiff Louis A. Coffelt, Jr. (Coffelt), hereby moves the Court for an Order to
2  exclude lay arguments and lay testimony directed to a computer program.
3      This Motion is based on this Notice of Motion and the Memorandum of Points and
4  Authorities, the pleadings, records, and files in this action, and such other written or oral arguments as
5  may be presented at or before the time this Motion is taken under submission by the Court.

**AUTHORITIES**

*United States v. Yanez Sosa*, 513 F.3d. 194, 200 (5th Cir. 2008) …………………………… 2

*Wilson*, 605 F.3d at 1025 ………………………………………………………………….. 2

*Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 65 (D.D.C. 2010) ……… 3

*United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) ……………...………………….. 3

**STATUTES**

FRE 701(c)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Introduction**

This motion is requesting exclusion of lay arguments and testimony directed to a computer program pursuant to FRE 701(c).

Counsel for defendant Autodesk, Inc., Richard S. J. Hung (Hung), indicated he will file lay arguments directed to a computer program. Plaintiff, Louis A. Coffelt, Jr. (Coffelt), notified Mr. Hung that his lay arguments will be in violation of FRE 701(c).

Coffelt and Mr. Hung attempted to resolve this disagreement in accordance with Local Rule 37-1. However, Coffelt and Mr. Hung did not make any agreement regarding this issue.

**LEGAL STANDARD**

The "distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only be specialists in the field." *United States v. Yanez Sosa*, 513 F.3d. 194, 200 (5th Cir. 2008) (quoting Fed. R. Evid. 701 Adv. Comm. Notes) (internal quotation marks omitted). "Unlike experts, lay witnesses must base their testimony on their experiential 'perception' and not on 'scientific, technical, or other specialized knowledge within the scope of Rule

702.'" *Wilson*, 605 F.3d at 1025 (citing Fed. R. Evid. 701(a), (c)). "A lay witness who is not qualified as an expert may not give opinions that are based on his or her specialized knowledge, even if those opinions were also based on his or her personal knowledge." *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 65 (D.D.C. 2010). "Rather, a lay opinion must be the product of reasoning processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) (citing Fed. R. Evid. 701 Adv. Comm. Notes to 2000 Amendments).

## ARGUMENT

On September 3, 2019, Mr. Hung indicated he will file lay arguments directed to Coffelt's computer program. Furthermore, Mr. Hung indicated ("We do not intend to submit an expert declaration with our motion to dismiss.")

On September 3, 2019, Coffelt notified Mr. Hung that his lay arguments directed to a computer program will violate FRE 701(c). Furthermore, Coffelt requested Mr. Hung to specify an authority and basis to file lay arguments directed to a computer program. Mr. Hung did not specify any authority directed to admissibility of lay arguments directed to a computer program. Mr. Hung did not specify any facts specific to this case, which support a basis to file lay arguments directed to a computer program.

A computer program is specialized technical subject matter. A computer program is not subject matter familiar to the average person in everyday life.

## CONCLUSION

For the foregoing reasons, Coffelt requests an order to exclude all lay arguments and lay testimony directed to a computer program.

Date:  September 4, 2019                    By: /s/  Louis A. Coffelt, Jr.

(*Plaintiff, Pro Se*)