1    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
2    MORRISON & FOERSTER LLP
     425 Market Street
3    San Francisco, California  94105
     Telephone:  (415) 268-7000
4    Facsimile:   (415) 268-7522

5    BITA RAHEBI (CA SBN 209351)
     brahebi@mofo.com
6    ROSE S. LEE (CA SBN 294658)
     roselee@mofo.com
7    MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
8    Los Angeles, CA  90017-3543
     Telephone:  (213) 892-5428
9    Facsimile:   (213) 892-5454

10   Attorneys for Autodesk, Inc., Andrew
     Anagnost, and Pascal W. Di Fronzo
11

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

16   LOUIS A. COFFELT, JR.,                Case No.:  8:19-cv-01351-JVS-DFM

17                    Plaintiff,           **DEFENDANTS ANDREW
                                           ANAGNOST, PASCAL W. DI
18           v.                            FRONZO, AND AUTODESK,
                                           INC.'S NOTICE OF MOTION
19                                         AND MOTION TO DISMISS
                                           PLAINTIFF LOUIS A. COFFELT,
20   ANDREW ANAGNOST, PASCAL W.            JR.'S COMPLAINT**
     DI FRONZO, AUTODESK, INC.,
21   SONY PICTURES IMAGEWORKS,             Date:  October 21, 2019
     SONY CORPORATION OF                   Time:  1:30 p.m.
22   AMERICA, LARRY GRITZ,                 Courtroom:  Santa Ana, 10C

23                    Defendants.          Hon. James V. Selna

24

25

26

27

28

la-1425538

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that on October 21, 2019 at 1:30 p.m., or as soon

3  as the matter may be heard, in Courtroom 10C of the United States District Court

4  for the Central District of California, located at 411 West 4th Street, Room 1053,

5  Santa Ana, CA 92701-4516, Defendants Andrew Anagnost, Pascal W. Di Fronzo,

6  and Autodesk, Inc. (collectively, "Autodesk") move to dismiss the Complaint of

7  Plaintiff Louis A. Coffelt under Rule 12(b)(6) of the Federal Rules of Civil

8  Procedure.

9      Autodesk bases this Motion on this Notice of Motion, its Memorandum of

10  Points and Authorities, the declaration of Richard S.J. Hung in Support of

11  Autodesk's Motion to Dismiss ("Hung Decl."), Autodesk's concurrently filed

12  Request for Judicial Notice ("RJN") and attached exhibits, pleadings, records, files

13  in this action, and all other written or oral arguments or evidence the parties may

14  present to the Court relating to this Motion.

15      This Motion is made following the conference of counsel for Autodesk and

16  Messrs. Anagnost and Di Fronzo, and *pro se* Plaintiff Mr. Coffelt, pursuant to

17  L.R. 7-3, which took place on August 30, 2019.

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................ 1

II.  BACKGROUND ............................................................................................ 3

    A.  Mr. Coffelt's Prior Meritless Lawsuits ............................................... 3

        1.  Actions Against the CDC and Its Officials ............................... 3

        2.  Mr. Coffelt's Dismissed Patent Suit and Invalidated Patent .............................................................................................. 4

        3.  Prior Copyright Suit ................................................................... 5

        4.  The Present Copyright Infringement Suit .................................. 9

III.  LEGAL STANDARD .................................................................................. 10

IV.  ARGUMENT ............................................................................................... 11

    A.  *Res Judicata* Bars This Lawsuit ......................................................... 11

        1.  Identity of claims ...................................................................... 12

        2.  Final judgment on the merits .................................................... 13

        3.  Identity or privity between parties ............................................ 13

    B.  Mr. Coffelt's Copyright Infringement Allegations Seek to Protect  an Unprotectable Idea ............................................................ 14

    C.  Mr. Coffelt Has Not Plausibly Alleged Access or Copying .............. 17

    D.  Claims Against Autodesk Executives Named in Their Individual Capacity Should Be Dismissed with Prejudice ................................. 18

V.  CONCLUSION ............................................................................................ 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................... 10, 17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................... 2, 10, 11

*Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC,*
    803 F.3d 1032 (9th Cir. 2015) ............................................................ 14

*Christopher v. Harbury,*
    536 U.S. 403 (2002) ............................................................................ 10

*Coffelt v. Autodesk, Inc.,*
    No. 5:17-cv-1684-FMO (C.D. Cal. Aug. 21, 2017).....................*passim*

*Coffelt v. Autodesk,*
    No. 18-56305, ECF Nos. 6-1 & 11-1 (9th Cir.) ....................................9

*Coffelt v. Baker,*
    No. 5:13-cv-568-RGK-AS (C.D. Cal. Apr. 3, 2013) ............................3

*Coffelt v. Cal. Dep't of Corrections & Rehabilitation,*
    No. 5:13-cv-902-RGK-MRW (C.D. Cal. May 28, 2013) .....................4

*Coffelt v. Cal. Dep't of Corrections,*
    No. 5:12-cv-37-RGK-MRW, Report......................................................3

*Coffelt v. Clark et al.,*
    No. 5:12-cv-242-UA-MRW (C.D. Cal. Feb. 29, 2012) ........................3

*Coffelt v. Nvidia,*
    680 F. App'x 1010 (Fed. Cir. 2017) (unpublished) .............................4

*Coffelt v. Nvidia Corp.,*
    137 S. Ct. 2143 (2017) (RJN, Ex. 15) ................................................4

*Coffelt v. Nvidia Corp.,*
    No. 5:16-cv-457-SJO (C.D. Cal. Mar. 14, 2016) .............................4, 5

ii

*Coffelt v. Nvidia*,
    No. CV 16-457 SJO, 2016 U.S. Dist. LEXIS 185157 (C.D. Cal.
    June 21, 2016)................................................................................................4

*Coffelt v. U.S. District Court for the Central District of California,
    Riverside, et al.*,
    No. 18-73235 (9th Cir. Mar. 13, 2019) ......................................................9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340 (1991) ...................................................................................17

*Goldberg v. Cameron*,
    694 F. App'x 564 (9th Cir. 2017)..............................................................11

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008)....................................................................11

*Netbula, LLC v. Chordiant Software, Inc.*,
    No. C 08-00019 JW, 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar.
    20, 2009)......................................................................................................19

*Perfect 10, Inc. v. Visa Int'l Ass'n*,
    494 F.3d 788 (9th Cir. 2007) .....................................................................19

*Stewart v. U.S. Bancorp.*,
    297 F.3d 953 (9th Cir. 2002) .....................................................................11

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. 2000)......................................................................17

*Weisbuch v. Cty. of L.A.*,
    119 F.3d 778 (9th Cir. 1997)......................................................................11

**Statutes**

17 U.S.C. § 102.................................................................................................14

35 U.S.C. § 101...................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8(a)(2).......................................................................................10

Fed. R. Civ. P. 12(b)(6) ............................................................................4, 10, 11

la-1425538

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3          This is Mr. Coffelt's third *pro se* lawsuit against Autodesk since 2016—and

4    his seventh *pro se* lawsuit in this District since 2012.[1]  All of his prior cases were

5    meritless and dismissed on the papers.  This case is no different.

6          *Mr. Coffelt's first lawsuit* against Autodesk alleged patent infringement.

7    Judge Otero invalidated his patent on a motion to dismiss, and the Federal Circuit

8    affirmed.

9          *Mr. Coffelt's second lawsuit* against Autodesk was a repeat of his first

10   lawsuit, only restyled as a copyright infringement claim.  Mr. Coffelt alleged that,

11   while he was on parole for a child sex offense, California Department of

12   Corrections ("CDC") agents "forcefully took" copies of his copyrighted works and

13   gave them to Autodesk.  Judge Olguin dismissed that case with prejudice, finding

14   (1) Mr. Coffelt's access theory to be implausible; and (2) his allegations of

15   unlawful copying to involve only unprotectable ideas.

16         Mr. Coffelt's conduct in that case and on appeal was vexatious.  He

17   repeatedly violated the court's stay of discovery and its local rules.  To stem his

18   voluminous filings that continued while his case was on appeal, Judge Olguin

19   threatened to revoke Mr. Coffelt's ECF privileges if the filings did not stop.

20   Judge Olguin also took the unusual step of certifying Mr. Coffelt's appeal as

21   "frivolous" and "wholly without merit."  The Ninth Circuit agreed with

22   Judge Olguin and dismissed Mr. Coffelt's appeal as frivolous.

23         *Mr. Coffelt's third lawsuit* against Autodesk repeats the core allegations that

24   both Judge Olguin and the Ninth Circuit deemed frivolous.  The copyrighted work

25   at issue, Registration No. TXu 002049564, is the same.  The allegedly infringing

26   _____

27   [1] Following his conviction and incarceration, Mr. Coffelt filed his first four actions
     in this District against the California Department of Corrections ("CDC") and his
28   parole agents.  Each was dismissed with prejudice.

1  product, the "Open Shading Language" ("OSL") by Sony Picture Imageworks

2  ("Sony"), is the same.  The doctrine of *res judicata* therefore bars this lawsuit.

3       Mr. Coffelt's newest theory for how Sony allegedly obtained access to and

4  then copied his copyrighted work does not change this result.  Mr. Coffelt

5  speculates that Autodesk's former CEO, Carl Bass, forwarded Mr. Coffelt's April

6  and June 2017 cease-and-desist letters identifying his copyrighted source code to

7  unnamed Sony employees.  Those employees, in turn, allegedly provided the code

8  to Larry Gritz, who allegedly incorporated it into OSL.  Putting aside its

9  implausibility, Mr. Coffelt could have raised this theory in his prior lawsuit—

10 whether in his August 21, 2017, November 30, 2017, or December 18, 2017

11 complaints.  *Res judicata* thus applies even to his latest theory.

12      That is not the only defect with Mr. Coffelt's current allegations.  As

13 Autodesk and Judge Olguin both explained to Mr. Coffelt in his prior lawsuit,

14 copyright law does not bar the use of ideas—only their expression.  Once again,

15 however, Mr. Coffelt alleges that OSL infringes because it uses an unprotectable

16 idea—"nested loops."  But Mr. Coffelt concedes that OSL "has a different visual

17 appearance," and Defendants cannot infringe by using a basic construct of

18 computer programming.

19      Mr. Coffelt's access and copying allegations also fail the Supreme Court's

20 *Twombly* pleading standard.  His rank speculation that Autodesk's CEO, unnamed

21 Sony employees, and Larry Gritz conspired to lift Mr. Coffelt's source code from a

22 cease-and-desist letter and then incorporate it into OSL is simply implausible.

23      Autodesk has already spent hundreds of thousands of dollars defending itself

24 (and now two randomly chosen executives, Andrew Anagnost and Pascal Di

25 Fronzo) against Mr. Coffelt's frivolous allegations.  This must end.  Autodesk urges

26 the Court to dismiss Mr. Coffelt's Complaint in this action with prejudice.

27

28

la-1425538

## II.   BACKGROUND

### A.   Mr. Coffelt's Prior Meritless Lawsuits

This is Mr. Coffelt's seventh lawsuit in this District since 2012. His previous six never made it past the motion to dismiss stage.

#### 1.   Actions Against the CDC and Its Officials

After being convicted and incarcerated for a lewd act upon a child under 14 years of age, Mr. Coffelt filed several state *habeas* actions against his parole agents in state courts. *See Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-37-RGK-MRW, Report and Recommendation of United States Magistrate Judge ("R&R"), ECF. No. 51 at 1-3 (C.D. Cal. Oct. 2, 2012) (Request for Judicial Notice ("RJN"), Ex. 4). When the state courts denied him relief, he sued the CDC in federal court on January 9, 2012. (*See* RJN, Ex. 1.) Mr. Coffelt subsequently amended his complaints multiple times, including to add his parole agents as individual defendants. (*See* RJN, Exs. 2 & 3.) He also filed a new action against his parole agents on February 15, 2012, but Magistrate Judge Wilner determined that the complaint should have been filed as an amended complaint to his earlier action and closed the case. *See Coffelt v. Clark et al.*, No. 5:12-cv-242-UA-MRW (C.D. Cal. Feb. 29, 2012) (RJN, Exs. 34 & 35). As Magistrate Judge Wilner noted, Mr. Coffelt "offered no explanation for the repeated amendments to the civil complaint." (RJN, Ex. 4 at 3-4.)

All in all, Mr. Coffelt "submitted five proposed complaints—three that were filed, and two additional ones that the court declined to serve on the defense—that all alleged the same factual predicate and cause of action." (*Id.* at 9.) Judge Klausner barred Mr. Coffelt's claim on the basis of *res judicata* and dismissed his action with prejudice without leave to amend. (*Id.* at 8-9; RJN, Ex. 5 (Order Accepting R&R).)

On April 3, 2013, Mr. Coffelt filed another suit against the CDC and his parole agent. *Coffelt v. Baker*, No. 5:13-cv-568-RGK-AS (C.D. Cal. Apr. 3, 2013)

(RJN, Ex. 6).  He sought $80,000 for being held in custody for eight days for a parole violation.  (*Id.* at ¶ 97.)  Judge Klausner dismissed that case, too, with prejudice and without leave to amend.  (RJN, Exs. 7 (Report and Recommendation of United States Magistrate Judge) & 8 (Order Accepting R&R).)

On May 28, 2013, Mr. Coffelt filed yet another suit against the CDC and the Board of Parole Hearings Commissioner.  *Coffelt v. Cal. Dep't of Corrections & Rehabilitation*, No. 5:13-cv-902-RGK-MRW (C.D. Cal. May 28, 2013) (RJN, Ex. 9).  Recognizing that his lawsuit was facially implausible, Judge Klausner *sua sponte* issued an order to show cause requiring Mr. Coffelt to "submit either: (a) a memorandum of law (not to exceed 10 pages) concisely setting forth this Court's authority to consider Plaintiff's specific claims; or (b) a request for voluntary dismissal of the action without sanction."  (RJN, Ex. 10 (Order to Show Cause re: Dismissal of Complaint) at 2.)  Mr. Coffelt voluntarily dismissed his action on June 7, 2013.  *See* Request to Dismiss Case, *Coffelt v. Cal. Dep't of Corrections & Rehabilitation*, No. 5:13-cv-902-RGK-MRW (C.D. Cal. June 7, 2013) ECF No. 7.

## 2. Mr. Coffelt's Dismissed Patent Suit and Invalidated Patent

This action is Mr. Coffelt's third against Autodesk.  He previously sued Autodesk and others, again *pro se*, for alleged patent infringement of U.S. Patent No. 8,614,710 in 2016.  *See Coffelt v. Nvidia Corp.*, No. 5:16-cv-457-SJO (C.D. Cal. Mar. 14, 2016) (RJN, Exs. 11 & 12).  Judge Otero dismissed the lawsuit under Rule 12(b)(6) because Mr. Coffelt's patent was directed to unpatentable subject matter under 35 U.S.C. § 101.  *Coffelt v. Nvidia*, No. CV 16-457 SJO (KKx), 2016 U.S. Dist. LEXIS 185157 (C.D. Cal. June 21, 2016) (RJN, Ex. 13).

On appeal, the Federal Circuit affirmed, *Coffelt v. Nvidia*, 680 F. App'x 1010 (Fed. Cir. 2017) (unpublished) (RJN, Ex. 14).  The Supreme Court subsequently denied certiorari.  *Coffelt v. Nvidia Corp.*, 137 S. Ct. 2143 (2017) (RJN, Ex. 15).

4

### 3. Prior Copyright Suit

#### a. Mr. Coffelt's Original Complaint

Almost immediately after the Federal Circuit's March 15, 2017 decision in his patent suit, Mr. Coffelt sued Autodesk again—this time alleging copyright infringement and seeking $33 billion in damages. *Coffelt v. Autodesk, Inc.*, No. 5:17-cv-1684-FMO (C.D. Cal. Aug. 21, 2017) ("*Copyright Suit I*") (RJN, Exs. 16, 17, & 18). His suit essentially rehashed his unsuccessful patent case, only under the guise of a copyright case. (*Compare* RJN, Ex. 16 (*Copyright Suit I* Compl.) *with* RJN, Ex. 11 (*Nvidia* Compl.).)

As in his patent suit, Mr. Coffelt's copyright allegations were premised on a user's ability to create images with realistic shadows using Autodesk's software. (*Compare* RJN, Ex. 16 (*Copyright Suit I* Compl.), ¶¶ 20, 41-42 (referring to "photorealistic digital images", "photorealistic image[s]" and "photorealistic shadows") *with* RJN, Ex. 11 (*Nvidia* Compl.), ¶¶ 11, 22, 24, 26, 28-31, 33, 36, 41-45, 51-54, 59, 63 (referring to "high resolution realistic complex 3D shadows" and "realistic 3D shadows").

Mr. Coffelt alleged that, after his incarceration and during his parole, CDC officials "forcefully took" copies of his copyrighted works—which Autodesk then obtained due to its "significant relationship" with the CDC. (RJN, Ex. 16 (*Copyright Suit I* Compl.), ¶¶ 22-23, 78-80.) In addition or in the alternative,[2] Mr. Coffelt alleged that Autodesk "attained [*sic*] access to Coffelt's copyrighted works on February 28, 2013," when the application for his '710 patent published. (*Id.* ¶¶ 21, 77.)

#### b. Judge Olguin Dismisses Mr. Coffelt's Complaint

On November 21, 2017, Judge Olguin dismissed Mr. Coffelt's original copyright complaint. (RJN, Ex. 19.) Although allowing Mr. Coffelt leave to

---

[2] It was and remains difficult to discern Mr. Coffelt's precise arguments.

1   amend, the court advised him to "carefully evaluate the contentions set forth in

2   defendant's Motion."  (*Id.* at 2.)

3       Among other things, Judge Olguin noted his "skeptic[ism] that plaintiff has

4   sufficiently alleged facts to support his claim for copyright infringement."  (*Id.*)

5   This was because Mr. Coffelt needed to "allege facts regarding the copying of his

6   copyrighted works, not simply the ideas underlying his copyrighted works."  (*Id.*)

7   Judge Olguin further expressed his "concern[] that the allegedly infringing work,"

8   OSL, "predates plaintiff's copyrighted work."  (*Id.*)

9                   **c.    Mr. Coffelt Amends Twice More**

10      Mr. Coffelt served a First Amended Complaint on November 30, 2017.

11  (RJN, Ex. 20.)  Less than three weeks later, Mr. Coffelt moved for leave to file a

12  Second Amended Complaint ("SAC") on December 18, 2017, which the court

13  granted on January 3, 2018.  (*Copyright Suit I*, ECF Nos. 32 & 34.)

14      The SAC essentially copied all of the allegations from the original complaint,

15  but added certain details and several causes of action.  (*See* RJN, Exs. 21, 22, &

16  23.)  For example, the SAC clarified Mr. Coffelt's positions that:

17  • Autodesk's alleged infringement stems from its products' use of
        OSL (RJN, Ex. 21 ¶¶ 20-22, 25-26, 67-72, 81-96);
18

19  • OSL infringes because it produces the same ***results*** as
        Mr. Coffelt's copyrighted works (*id.* ¶ 104);
20

21  • Autodesk allegedly contributes to and is vicariously liable for
        copyright infringement because ***Mr. Coffelt wrote Autodesk***
22      ***executives*** about his copyrighted works in April 2017 (*id.* ¶¶ 23-
        24, 97-103, 110); and
23

24  • The alleged novelty of Mr. Coffelt's ***ideas*** for creating
        photorealistic images, OSL's use of those ***ideas***, Sony and
25      Autodesk's distribution of OSL, and the identical ***results*** obtained
        from using OSL and Mr. Coffelt's copyrighted works prove
26      infringement (*id.* ¶¶ 36).

27      Mr. Coffelt further identified additional copyrighted works and provided

28  copyright numbers for those that have been registered.  (*Id.* ¶¶ 39-45.)  One of these

was entitled, "CAD Reflective Intensity," and bore Registration

No. TXu002049564 ("Gradient Work"). This is the same copyrighted work that is

at issue in this action. Mr. Coffelt also alleged that Autodesk infringed the Gradient

Work by using Sony's OSL language. (*See* RJN, Ex. 21 ¶¶ 20-22, 25-26, 67-72,

81-96, 118, 128, 138.) For purposes of this action, however, that source code has

remained substantively unchanged since the time of Mr. Coffelt's amendment.

Mr. Coffelt's SAC did not address deficiencies that both Judge Olguin and

Autodesk identified in his original complaint. Autodesk therefore moved to dismiss

Mr. Coffelt's SAC on January 24, 2018. (*Copyright Suit I*, ECF No. 39.)

### d.   Mr. Coffelt's Violations of Discovery Rules and Orders

Along with Autodesk's motion to dismiss Mr. Coffelt's SAC, Autodesk

moved to stay discovery pending the court's decision on Autodesk's motion to

dismiss. (*Copyright Suit I*, ECF No. 40.) This is because Mr. Coffelt had served or

attempted to serve 348 discovery requests on Autodesk, including ones even before

the parties held their Rule 26(f) conference. (*Id.* at 4.) Judge Olguin agreed with

Autodesk that these requests were harassing and stayed discovery on February 7,

2018. (RJN, Ex. 24.)

In violation of that order, however, Mr. Coffelt "proceeded to file a series of

motions concerning discovery-related matters and alleging discovery-related

misconduct." (RJN, Ex. 28 (Order re: Electronic Filing Privileges).) These

included motions to (i) to exclude evidence (*Copyright Suit I*, ECF Nos. 50, 51, 54,

and 55) and (ii) to stay resolution of Autodesk's motion to dismiss (*id.*, ECF

Nos. 56, 60).

Autodesk thus applied *ex parte* for an order preventing Mr. Coffelt from

filing future motions. (*Id.*, ECF No. 57.) In granting Autodesk's application, Judge

Olguin emphasized that even "*[p]ro se* litigants such as plaintiff are not exempt

from complying with court orders, the requirements of the Federal Rules of Civil

7

1    Procedure or a judicial district's local rules." (RJN, Ex. 24 at 1 (citing *Carey v.*

2    *King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988)).

3                    **e.      The Court's Dismissal with Prejudice**

4         Judge Olguin granted Autodesk's motion to dismiss the SAC, with prejudice,

5    on September 30, 2018.  (RJN, Ex. 25.)  The court observed that Mr. Coffelt's

6    allegation that Autodesk had accessed his copyrighted works via its "significant

7    relationship" with the CDC was implausible.  (*Id.* at 5-7 ("Access cannot

8    reasonably be inferred from implausible and conclusory allegations of a 'significant

9    relationship' between two entities engaged in wholly divergent activities.").)

10        Judge Olguin further explained that "the SAC and its attached exhibits allege

11   nothing more than substantial similarity between OSL and plaintiff's formerly

12   patented <u>idea</u> of using ray tracing and vector algorithms in a particular way to

13   generate realistic 3D shadow graphics."  (*Id.* at 8 (emphasis in original).)  Judge

14   Olguin concluded, "[i]n short, . . . that plaintiff ha[d] not plausibly alleged unlawful

15   copying where the only 'facts' pertaining to 'copying' concern unprotectable

16   elements of the work."  (*Id.*)

17                  **f.      Mr. Coffelt Appeals to the Ninth Circuit Appeal, and
                             Judge Olguin Threatens to Revoke His ECF Privileges**
18

19        Mr. Coffelt appealed Judge Olguin's dismissal to the Ninth Circuit on

20   October 3, 2018 and concurrently sought leave to proceed *in forma pauperis*.  (*Id.*,

21   ECF Nos. 72 & 73.)  Judge Olguin denied the requested leave, certifying that the

22   appeal was not brought in good faith.  (RJN, Ex. 26.)  Judge Olguin explained that

23   Mr. Coffelt's appeal was "frivolous and 'wholly without merit'" and "a

24   continuation of his efforts to impermissibly impose patent liability on copyright

25   claims that, notably, were highly implausible."  (*Id.* at 2.)

26        Undaunted, Mr. Coffelt filed two separate motions to amend the final

27   judgment (*Copyright Suit I*, ECF Nos. 76 & 77), which the court denied (RJN,

28   Ex. 27).  Mr. Coffelt's continuous stream of filings prompted the court to warn him

8

to stop filing additional documents while his appeal was pending—or risk revocation of his electronic filing privileges.  (RJN, Ex. 28.)  In doing so, Judge Olguin observed that Mr. Coffelt had used "his electronic filing privileges to file a number of inappropriate documents onto the case docket."  (*Id.* at 1.)

On October 25, 2018 and April 9, 2019, the Ninth Circuit ordered Mr. Coffelt to dismiss his appeal or explain why his appeal was not frivolous and should proceed.  (*Coffelt v. Autodesk*, No. 18-56305, ECF Nos. 6-1 & 11-1 (9th Cir.).)  Mr. Coffelt responded by repeating his unsuccessful arguments in his motions to amend the judgment before the district court.  (*Compare* 9th Cir. ECF Nos. 7 & 12 *with Copyright Suit I*, ECF Nos. 76 & 77.)

Mr. Coffelt also petitioned for a writ of mandamus from the Ninth Circuit on November 27, 2018.  Besides repeating arguments from his earlier motions, Mr. Coffelt demanded that Judge Olguin elaborate on his reasons for denying Mr. Coffelt's motions to amend the judgment.  (*See Copyright Suit I*, ECF No. 85.)

The Ninth Circuit denied mandamus on March 13, 2019.  *Coffelt v. U.S. District Court for the Central District of California, Riverside, et al.*, No. 18-73235, Order, ECF No. 4-1 (9th Cir. Mar. 13, 2019) (RJN, Ex. 29).  On May 29, 2019, the appellate court then dismissed his appeal as "frivolous."  *Coffelt v. Autodesk*, No. 18-56305, ECF No. 14 (9th Cir. May 29, 2019) (RJN, Ex. 30).

### 4.    The Present Copyright Infringement Suit

Mr. Coffelt filed this Action just six weeks after the Ninth Circuit dismissed his last copyright suit.  Mr. Coffelt alleges that Autodesk, its current CEO Mr. Anagnost, and its General Counsel Mr. Di Fronzo, infringe his copyrighted "Gradient Work" by using Sony's OSL program in Autodesk's products.  (*See* Complaint ("Compl."), ECF No. 1 (Hung Decl., Ex. A) ¶¶ 81-91 (Fourth Cause of Action), ¶¶ 92-102 (Fifth Cause of Action).)  These are the precise allegations that Mr. Coffelt made in his prior copyright suit, only now directed at additional

1  defendants.  (*See* RJN, Ex. 21 (*Copyright Suit I* SAC), ¶¶ 20-22, 25-26, 67-72, 81-

2  96, 118, 128, 138.)

3      To try to overcome the implausibility of his "access" theory in his prior

4  lawsuit, however, Mr. Coffelt has abandoned his argument that CDC agents

5  "forcefully took" copies of his copyright works while he was on parole and gave

6  them to Autodesk.  Instead, Mr. Coffelt newly alleges that Autodesk and its

7  executives obtained access of his "Gradient Work" through cease-and-desist letters

8  that he sent to Autodesk's former CEO, Mr. Bass, in April and June 2017.

9  (Compl. ¶ 24.)  He further alleges that unidentified Autodesk employees provided

10  the "Gradient Work" to unidentified Sony employees and Larry Gritz (*id.* ¶ 38), and

11  that Sony and Mr. Gritz then "copied Coffelt's arrangement of Coffelt's Gradient

12  Work in their OSL program."  (*Id.* ¶ 33.)

13  **III.   LEGAL STANDARD**

14      Under Rule 12(b)(6), a motion to dismiss should be granted where a party

15  fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A

16  complaint must contain "a short and plain statement of the claim showing that the

17  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

18      Rule 8, however, "does not unlock the doors of discovery for a plaintiff

19  armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-

20  79 (2009).  A complaint must make "a 'showing,' rather than a blanket assertion, of

21  entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

22  Such a showing "demands more than an unadorned, the-defendant-unlawfully-

23  harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

24  If a plaintiff has not pled "enough facts to state a claim to relief that is plausible on

25  its face" and thereby "nudged [his] claims . . . across the line from conceivable to

26  plausible," the complaint "must be dismissed."  *Twombly*, 550 U.S. at 547.

27      When reviewing a motion to dismiss under Rule 12(b)(6), a court must

28  assume all factual allegations in a complaint as true and view them in the light most

10

favorable to the plaintiff.  *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

But pleadings containing "no more than conclusions[] are not entitled to the

assumption of truth." *Iqbal*, 556 U.S. at 679.  Only when there are "well-pleaded

factual allegations" should a court "assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Id*.

A claim has facial plausibility "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).  The "sheer

possibility that a defendant has acted unlawfully" is not enough. *Id.*  A complaint

that raises such a possibility only "allege[s] – but it has not 'show[n]' – 'that the

pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Dismissal is appropriate if a complaint lacks a cognizable legal theory or

lacks sufficient facts to support a cognizable legal theory.  *See Mendiondo v.

Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal also is

appropriate where plaintiff has alleged facts compelling a finding in favor of

defendant.  *See Weisbuch v. Cty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)

("[A] plaintiff may plead herself out of court.").

## IV.   ARGUMENT

Mr. Coffelt's allegations suffer from multiple defects.  First, they are barred

by the doctrine of *res judicata*.  Second, nothing in the Complaint nudges the

allegations from "conceivable" to "plausible."  *See Twombly*, 550 U.S. at 547.  And

third, even if accepted as true, Mr. Coffelt's allegations relate to unprotectable ideas

and cannot raise a claim for copyright infringement.

### A.   *Res Judicata* Bars This Lawsuit

*Res judicata* prohibits a successive lawsuit based on "'any claims that were

raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp.*, 297

F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (citation omitted).  The

doctrine applies where there is "(1) an identity of claims"; (2) a final judgment on

11

the merits; and (3) identity or privity between parties." *Id.*  A party may raise a defense of *res judicata* by Rule 12(b)(6) motion.  *See, e.g.*, *Goldberg v. Cameron*, 694 F. App'x 564, 565-66 (9th Cir. 2017) (affirming order dismissing complaint under Rule 12(b)(6) on *res judicata* grounds).

### 1.    Identity of claims

As in his first copyright suit against Autodesk, Mr. Coffelt alleges that Autodesk somehow infringes Mr. Coffelt's "Gradient Work" by using Sony's OSL program in its products.  (*Compare* Compl. ¶¶ 38-43 *with* RJN, Ex. 21 (*Copyright Suit I* SAC), ¶¶ 20-22, 25-26, 67-72, 81-96, 118, 128, 138.)  Mr. Coffelt asserts infringement of the same copyrighted work (Registration No. TXu 002049564) by the same accused product (OSL).  The only differences are: (1) he has revised his access theory, which Judge Olguin previously found to be implausible; and (2) he points to different lines of code in OSL that allegedly infringe.

Mr. Coffelt could have raised these allegations in his prior suit.  Regarding access, Mr. Coffelt now alleges that Autodesk obtained access to his copyright through cease-and-desist letters that he sent to Mr. Bass in April and June 2017 regarding his first copyright suit.  (Compl. ¶¶ 24, 25.)  But Mr. Coffelt sent these letters even before he filed his last lawsuit and cited them in his amended complaints.  (*See* RJN, Ex. 20, ¶¶ 32-33, 110; Ex. 21, ¶¶ 32-33, 110.)

Regarding copying, Mr. Coffelt alleges that Autodesk provided his "Gradient Work" to Sony and Larry Gritz (*id.* ¶ 38), and that Sony and Mr. Gritz then "copied Coffelt's arrangement of Coffelt's Gradient Work in their OSL program." (*Id.* ¶ 33.)  Mr. Coffelt points to different portions of OSL as allegedly copied from his Gradient Work.  But the portions of OSL that Mr. Coffelt currently references all existed and were part of OSL before he amended his complaint to allege infringement of his Gradient Work.

Indeed, some of the cited portions of OSL have been present in OSL since September 6, 2016—before his prior lawsuit.  (*Compare* RJN, Ex. 31 (version of

OSL's "testshade.cpp" dated September 6, 2016) at 14 (line 889) *with* Compl., ECF No. 1, at 38 (Ex. 104) (line 969 identified as "Copy of Coffelt's Gradient Work Arrangement of Second Nested Loop Inside a Loop").)  The other portions have been present in OSL since at least May 30, 2017—several months before he amended his complaint to allege infringement of his Gradient Work.  (*Compare* RJN, Ex. 32 (version of OSL's "testshade.cpp" dated May 30, 2017) at 13 (line 789) *with* Comp., ECF No. 1, at 38 (Ex. 104) (line 825 identified as "Copy of Coffelt's Gradient Work Arrangement of Second Nested Loop Inside a Loop").)

Accordingly, Mr. Coffelt could have raised all of his current allegations (whether about access or the allegedly copied lines of code) in his prior copyright lawsuit.  Mr. Coffelt certainly had ample opportunity to raise them, as he filed three different complaints on August 21, 2017, November 30, 2017, and December 18, 2017.  (RJN, Exs. 16, 17, 18, 20, 21, 22, 23.)

### 2.     Final judgment on the merits

The prior lawsuit also resulted in a final judgment on the merits.  Judge Olguin entered a final judgment on September 30, 2018, dismissing Mr. Coffelt's first copyright case against Autodesk with prejudice.  (RJN, Ex. 25.)  In addition to finding Mr. Coffelt's access theory implausible, Judge Olguin explained that "the SAC and its attached exhibits allege nothing more than substantial similarity between OSL and plaintiff's formerly patented <u>idea</u> of using ray tracing and vector algorithms in a particular way to generate realistic 3D shadow graphics."  (*Id.* at 8 (emphasis in original).)  The court concluded, "[i]n short, . . . that plaintiff ha[d] not plausibly alleged unlawful copying where the only 'facts' pertaining to 'copying' concern unprotectable elements of the work."  (*Id.*)

### 3.     Identity or privity between parties

The privity requirement also is met, as Mr. Coffelt was the sole plaintiff in his first copyright action and is the sole plaintiff in this action.  Autodesk was the sole defendant in the prior suit and is a defendant in this action.  Although

Mr. Coffelt has added two Autodesk executives (its CEO and General Counsel), both are affiliated with and in privity with Autodesk.

As all three *res judicata* factors are satisfied, *res judicata* bars this action.

**B.   Mr. Coffelt's Copyright Infringement Allegations Seek to Protect an Unprotectable Idea**

It is axiomatic that copyright protects the ***expression*** of ideas, not the ideas themselves or the functional or factual aspects of the work.  17 U.S.C. § 102; *see also Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037-38 (9th Cir. 2015) (recognizing the "vital distinction between ideas and expression," and that "copyright for a work describing how to perform a process does not extend to the process itself").  Mr. Coffelt's Complaint also should be dismissed because his infringement allegations relate to an unprotectable idea.

Like Mr. Coffelt's infringement allegations in his prior case, his allegations here are directed to an idea contained within his copyrighted work.  Specifically, he alleges that OSL infringes because it uses "2 sets of nested loops."  (Compl. ¶ 34 ("OSL copied Coffelt's arrangement of these 2 sets of nested loops.").)

But these allegations relate to an ***idea***, not the ***expression*** of an idea.  As Judge Olguin explained in dismissing Mr. Coffelt's previous copyright action, "[W]hatever substantial similarities may exist between the ideas expressed by OSL and Coffelt's code is irrelevant."  (RJN, Ex. 25 at 8.)  Nested loops are a basic construct of computer programming.  (*See* IBM Dictionary of Computing 452 (3d ed. 1994) (RJN, Ex. 33) (defining "nest" as "[t]o incorporate one or more structures of one kind into a structure of the same kind; for example, to nest one loop (the nested or inner loop) within another loop (the nesting or outer loop)").)

Using the ***idea*** of nested loops, and not the expression of that idea, cannot infringe.  Indeed, Mr. Coffelt readily concedes that the "OSL source code arrangement in EXHIBIT 104 has a different visual appearance to Coffelt's Gradient Work arrangement."  (Compl. ¶ 35.)  A cursory examination of

14

Mr. Coffelt's Exhibit 104 identifying lines of code purportedly copied from his "Gradient Work" reveals that there are no similarities between either the literal or non-literal elements of Sony's OSL code and Mr. Coffelt's Gradient Work.

For example, Mr. Coffelt identifies the below lines of OSL as a "Copy of Coffelt's Gradient Work Arrangement of First Nested Loop Inside a Loop":



(Compl. at 38 (Ex. 104) (callout enlarging lines of OSL source code identified as "Copy of Coffelt's Gradient Work Arrangement of First Nested Loop Inside a Loop").)  These lines of code in no way resemble what Mr. Coffelt himself has identified as "Coffelt's Gradient Work First Nested Loop Inside a Loop" (below):



15

(Compl. at 40 (Ex. 104) (callout enlarging lines of code identified as "Coffelt's Gradient Work First Nested Loop Inside a Loop").)

The same is true for lines of OSL code Mr. Coffelt identifies as a "Copy of Coffelt's Gradient Work Arrangement of Second Nested Loop Inside a Loop":

```
FILE NAME: OpenShadingLanguage - master\OpenShadingLanguage - master\src\testshade\testshade.cpp

00968   for (int y = roi.ybegin; y < roi.yend; ++y) {
00969     for (int x = roi.xbegin; x < roi.xend; ++x) {   <<---------- COPY OF COFFELT'S GRADIENT WORK ARRANGEMENT
00970       // In a real renderer, this is where you would figure         OF SECOND NESTED LOOP INSIDE A LOOP
00971       // out what object point is visible in this pixel (or
00972       // this sample, for antialiasing).  Once determined,
00973         // you'd set up a ShaderGlobals that contained the v
```

```
for (int y = roi.ybegin; y < roi.yend; ++y) {
   for (int x = roi.xbegin; x < roi.xend; ++x) {   <<----
```

(Compl. at 38 (Ex. 104) (callout enlarging lines of OSL source code identified as "Copy of Coffelt's Gradient Work Arrangement of Second Nested Loop Inside a Loop").)  Like the first nested loop, these lines of code in no way resemble code Mr. Coffelt identifies as "Coffelt's Gradient Work Second Nested Loop Inside a Loop" (below):

```
00400       while (phix < twopi)
00401       {
00402         thetax = theta_i;
00403         while (thetax < twopi)   <<------------------COFFELT'S GRADIENT WORK SECOND NESTED LOOP INSIDE A LOOP
00404         {
```

```
while (phix < twopi)
{
     thetax = theta_i;
     while (thetax < twopi) <<--
     {
```

(Compl. at 40 (Ex. 104) (callout enlarging lines of code identified as "Coffelt's Gradient Work Second Nested Loop Inside a Loop").)

16

1   Because OSL's arrangement expresses an "idea" differently than
2   Mr. Coffelt's "Gradient Work," it cannot infringe upon his alleged copyright.  The
3   Court therefore should dismiss Mr. Coffelt's Complaint for this reason as well.

4   **C.   Mr. Coffelt Has Not Plausibly Alleged Access or Copying**

5       It is axiomatic that copyright infringement requires access to and copying of
6   the copyrighted work.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S.
7   340, 361 (1991) (holding that copyright infringement requires proof of copying);
8   *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) ("Absent
9   direct evidence of copying, proof of infringement involves fact-based showings that
10  the defendant had 'access' to the plaintiff's work and that the two works are
11  'substantially similar,'" and defining reasonable access as "more than a bare
12  possibility") (quotations omitted).  A claim has facial plausibility "when the
13  plaintiff pleads factual content that allows the court to draw the reasonable
14  inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S.
15  at 678 (citing *Twombly*, 550 U.S. at 556).  The "sheer possibility that a defendant
16  has acted unlawfully" is not enough.  *Id.*

17      Mr. Coffelt's allegations regarding access and copying are facially
18  implausible.  Now abandoning his prior theory that CDC officials "forcefully took"
19  copies of his copyrighted work while he was on parole, Mr. Coffelt alleges that
20  Autodesk and its executives obtained access to his "Gradient Work" through his
21  April and June 2017 cease-and-desist letters.  (Compl. ¶¶ 24, 25.)  He alleges that
22  Autodesk, in turn, provided his "Gradient Work" to Sony and Larry Gritz, and that
23  Sony and Mr. Gritz then "copied Coffelt's arrangement of Coffelt's Gradient Work
24  in their OSL program."  (*Id.* ¶¶ 33, 38).

25      With the exception of the transmission of a cease-and-desist letter to
26  Autodesk, Mr. Coffelt's allegations both are false and constitute rank speculation.
27  Mr. Coffelt's Complaint neither substantiates nor explains why Autodesk or its
28  current or former executives would have given the source code attached to his

cease-and-desist letters to Sony or Mr. Gritz.  As with his dismissed copyright suit, Mr. Coffelt merely alleges that "Imageworks has a business relationship with Autodesk."  (Compl. ¶¶ 26-27.)  These allegations do not demonstrate that it was reasonably plausible that Autodesk provided Mr. Coffelt's cease-and-desist letters to Sony Imageworks.

Nor does Mr. Coffelt's Complaint substantiate or explain why Sony or Mr. Gritz would have wanted to incorporate lines of source code from his "Gradient Work" into their OSL product, especially as that code had been referenced in a cease-and-desist letter sent to another party (Autodesk, not Sony).  Mr. Coffelt's copying allegations also make no sense for timing reasons.  This is because portions of the allegedly copied code have been present in OSL since September 6, 2016— even before Mr. Coffelt sent his April and June 2017 letters.  (*Compare* RJN, Ex. 31 (version of OSL's "testshade.cpp" dated September 6, 2016) at 14 (line 889) *with* Compl., ECF No. 1, at 38 (Ex. 104) (line 969 identified as "Copy of Coffelt's Gradient Work Arrangement of Second Nested Loop Inside a Loop").)  And as discussed above, even a cursory examination of the allegedly copied portions of Mr. Coffelt's "Gradient Work" reveals no similarities with the literal or non-literal elements of the cited portions of OSL code.  Mr. Coffelt therefore has not plausibly alleged copying.

### D. Claims Against Autodesk Executives Named in Their Individual Capacity Should Be Dismissed with Prejudice

Mr. Coffelt inexplicably has named two Autodesk executives in this lawsuit, in their individual capacities, for no apparent reason other than their affiliation with the company.  (*See, e.g.*, Compl. ¶¶ 15 (merely identifying Messrs. Anagnost and Di Fronzo as "Autodesk executives"), ¶¶ 84-85 (alleging, without explanation, that "defendants Anagnost and Di Fronzo materially contribute[d] to the acts of infringement of Imageworks or Gritz"); ¶¶ 95-96 (alleging, without explanation, that Messrs. Anagnost and Di Fronzo "have a right and ability to supervise the acts

1  of infringement" and "have direct financial interest in the exploitation" of the

2  copyrighted work).)

3       At the pleading stage, "bare allegations that an individual was a corporate

4  officer or member of a company's board of directors are insufficient" to justify

5  including the individual in a lawsuit.  *Netbula, LLC v. Chordiant Software, Inc*.,

6  No. C 08-00019 JW, 2009 U.S. Dist. LEXIS 25372, at *6 (N.D. Cal. Mar. 20,

7  2009) (dismissing vicarious copyright infringement claim against corporate

8  defendants in individual capacities).  Mr. Coffelt has failed to allege ***any*** facts

9  specific to Messrs. Anagnost and Di Fronzo, let alone facts sufficient to maintain

10  his contributory infringement (Fourth Cause of Action (Compl. ¶¶ 81-91)) and

11  vicarious liability (Fifth Cause of Action (*Id.* ¶¶ 92-102)) claims against them.

12       Mr. Coffelt's claims against Messrs. Anagnost and Di Fronzo in their

13  individual capacities therefore must be dismissed.  *See, e.g.*, *Perfect 10, Inc. v. Visa*

14  *Int'l Ass'n*, 494 F.3d 788, 794-806 (9th Cir. 2007) (affirming dismissal with

15  prejudice, where plaintiff failed to plead viable claims of contributory and vicarious

16  copyright infringement).

17  **V.    CONCLUSION**

18       This Complaint is Mr. Coffelt's ***fifth*** bite at the proverbial apple.  Having lost

19  his prior patent infringement and copyright suits—after multiple opportunities to

20  amend and after appeals to the Federal Circuit and Ninth Circuit—Mr. Coffelt

21  cannot resurrect those claims now (1) by raising allegations he did raise or could

22  have raised previously, (2) by attacking the use of an unprotectable idea, and not

23  protected expression, and (3) by imagining new theories of access and copying.

24       Autodesk therefore urges the Court to dismiss Mr. Coffelt's Complaint with

25  prejudice, in its entirety, and as to all defendants.  In view of the repetitive nature of

26  Mr. Coffelt's lawsuits, his multiple prior opportunities to amend, and the significant

27  costs to Autodesk and the judiciary from Mr. Coffelt's frivolous lawsuits, Autodesk

28  further asks that the Court do so without leave to amend.

19

1

Dated:     September 6, 2019          By: */s/ Richard S.J. Hung*
2                                          Richard S.J. Hung

3                                          MORRISON & FOERSTER LLP
                                           Attorneys for Defendants
4                                          AUTODESK, INC., ANDREW
                                           ANAGNOST, and PASCAL W. DI
5                                          FRONZO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-1425538