RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5428
Facsimile: (213) 892-5454

Attorneys for Autodesk, Inc., Andrew Anagnost, and Pascal W. Di Fronzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW ANAGNOST, PASCAL W. DI FRONZO, AUTODESK, INC., SONY PICTURES IMAGEWORKS, SONY CORPORATION OF AMERICA, LARRY GRITZ,<br><br>Defendants. | Case No.: 8:19-cv-01351-JVS-DFM<br><br>**DEFENDANTS ANDREW ANAGNOST, PASCAL W. DI FRONZO, AND AUTODESK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE LAY ARGUMENTS AND TESTIMONY DIRECTED TO A COMPUTER PROGRAM**<br><br>Date: October 8, 2019<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Hon. Douglas F. McCormick |

## I. INTRODUCTION

Plaintiff Louis A. Coffelt moved *in limine* even before Defendants had the opportunity to respond to his Complaint. Without having seen the substance of Defendants arguments, Mr. Coffelt incorrectly alleged that Autodesk "will file lay arguments directed to a computer program." (ECF No. 28 at 2 & 3.) Autodesk did no such thing. The Court should deny Mr. Coffelt's motion *in limine.*

## II. ARGUMENT

### A. Mr. Coffelt Mischaracterizes Autodesk's Arguments

As Autodesk's concurrently filed motion explains, Mr. Coffelt's copyright infringement action ignores the "idea-expression dichotomy" that underlies copyright law.[1] (*See* Autodesk's Motion to Dismiss, ECF No. 29 at 14-17.) That principle holds that copyright law protects only the tangible ***expression*** of an idea, and not the idea itself. *See Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037-38 (9th Cir. 2015) (recognizing the "vital distinction between ideas and expression, courts have routinely held that the copyright for a work describing how to perform a process does not extend to the process itself").

Judge Olguin dismissed Mr. Coffelt's last copyright complaint on precisely this basis. *See Coffelt v. Autodesk, Inc.*, No. ED CV 17-11684 FMO (SHKx), 2018 WL 4998272, at *5 (C.D. Cal. Sept. 30, 2018) (finding "the SAC and its attached exhibits allege nothing more than substantial similarity between OSL and plaintiff's formerly patented idea of using ray tracing and vector algorithms . . . to generate realistic 3D shadow graphics," and concluding "that plaintiff ha[d] not plausibly alleged unlawful copying where the only 'facts' pertaining to 'copying' concern unprotectable elements of the work."). The Ninth Circuit affirmed and dismissed

---

[1] Autodesk's motion also explains that (i) Mr. Coffelt's lawsuit is barred by *res judicata*, (ii) his "access" and "copying" allegations are implausible under the Supreme Court's *Twombly* standard, and (iii) his inclusion of Autodesk's CEO and General Counsel as individual defendants in this lawsuit is harassing.

Mr. Coffelt's appeal as "frivolous." *Coffelt v. Autodesk*, No. 18-56305, ECF No. 14 (9th Cir. May 29, 2019).

The situation is no different here. In its motion to dismiss, Autodesk does not offer lay opinion or testimony regarding Mr. Coffelt's code. Instead, it simply observes that Mr. Coffelt's contention that he has copyrighted the idea of a "nested loop" (Compl. ¶¶ 34-35) violates established law. (*See* Autodesk's Motion to Dismiss, ECF No. 29 at 14-17.)

Mr. Coffelt's suggestion that Autodesk is required to submit an expert declaration to advance this legal argument is incorrect. "Under Federal Rule of Evidence 702, matters of law are inappropriate subjects for expert testimony." *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1052 (9th Cir. 2012).

**B.     Mr. Coffelt's Future Motions *in Limine***

Mr. Coffelt has indicated that he also intends to move to exclude his prior *pro se* lawsuits in this District against the California Department of Corrections ("CDC") and his parole officers, following his incarceration as a child sex offender. *See Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-37-RGK-MRW (C.D. Cal. Jan. 18, 2012); *Coffelt v. Clark et al.*, No. 5:12-cv-242-UA-MRW (C.D. Cal. Feb. 29, 2012); *Coffelt v. Baker*, No. 5:13-cv-568-RGK-AS (C.D. Cal. Apr. 3, 2013); *Coffelt v. Cal. Dep't of Corrections and Rehabilitation, et al.*, No. 5:13-cv-902-RGK-MRW (C.D. Cal. May 28, 2013).

Those serial lawsuits (and dismissals) are relevant because they underscore his vexatiousness and confirm the frivolous nature of this lawsuit—his third against Autodesk, after the prior two were dismissed. Moreover, in his last copyright infringement lawsuit, Mr. Coffelt himself relied upon events that occurred during his parole to justify his copyright infringement allegations. Specifically, he alleged that the CDC agents had "forcefully [taken]" his copyrighted works and then given them to Autodesk. *See, e.g.*, *Coffelt v. Autodesk*, No. 5:17-cv-1684-FMO, ECF No. 35, ¶ 106 (C.D. Cal. Jan. 3, 2018). Although Judge Olguin rejected those

allegations as implausible, they remain relevant to show how Mr. Coffelt's theories have changed in his latest lawsuit.

### III. CONCLUSION

Because Mr. Coffelt incorrectly characterizes the substance of Autodesk's legal arguments as "lay arguments and lay testimony," the Court should deny Mr. Coffelt's motion *in limine*.

Dated: September 6, 2019

By: */s/ Richard S.J. Hung*
Richard S.J. Hung

MORRISON & FOERSTER LLP
Attorneys for Defendants
AUTODESK, INC., ANDREW ANAGNOST, and PASCAL W. DI FRONZO