Louis A. Coffelt, Jr.

General Delivery

6771 Warner Avenue

Huntington Beach, CA 92647

email: Louis.Coffelt@gmail.com

Phone: (657) 456-3112

*Pro Se*

# UNITED STATES DISTRICT COURT

## for the Central District of California

| | | |
|---|---|---|
| Louis A. Coffelt, Jr., | ) | |
|    plaintiff, | ) | Case No.  8:19-cv-01351   JVS - DFM |
|    -v- | ) | |
| Andrew Anagnost, defendant, | ) | |
| Pascal W. Di Fronzo, defendant, | ) | Date: October 21, 2019 |
| Autodesk, Inc.,  defendant, | ) | Time: 1:30 p.m. |
| Sony Pictures Imageworks, defendant, | ) | Courtroom: 10C |
| Sony Corporation of America, defendant, | ) | Hon. James V. Selna |
| Larry Gritz, defendant. | ) | |
| _____ | ) | |

### NOTICE OF MOTION; AND MOTION FOR DEPOSITION;

### AND REQUEST TO EXTEND OCTOBER 21, 2019 HEARING DATE

**TO:** defendants, Andrew Anagnost, Pascal W. Di Fronzo, Autodesk, Inc., Sony Pictures Imageworks, Sony Corporation of America,  Larry Gritz:

     PLEASE TAKE NOTICE that on Tuesday October 21, 2019 at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable James V. Selna, in Courtroom 10C of the United States District Court of the Central District of California, located at 411 West 4th Street, Santa

Ana, CA 92701, Plaintiff Louis A. Coffelt, Jr. (Coffelt), hereby moves the Court for an Order to depose counsel for defendant Autodesk, Inc., Richard S. J. Hung; and extend the October 21, 2019 hearing date on the Motion to Dismiss (Dkt. No. 29) to 30 days after the deposition.

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities, the pleadings, records, and files in this action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

## STATUTES

Fed. R. Civ. P. 30(c)(1)

L. R. 7-8

FRE 701(c)

FRE 702

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

This motion is requesting a deposition of counsel for defendant Autodesk, Inc., Richard S. J. Hung (Hung). On September 6, 2019, Mr. Hung filed a declaration in this action Dkt. No. 29-1 (Declaration). Coffelt intends to depose Mr. Hung in cross-examination before the Honorable James V. Selna or before the Honorable Douglas F. McCormick.

Defendant's Motion to Dismiss (Dkt. No. 29) is improperly attempting to have a fact determined as a matter of law. For this reason, L.R. 7-8 provides authority for the court to grant this request to cross-examine Mr. Hung.

Mr. Hung's Declaration contains testimony directed to a computer program. The record of this action does not contain any evidence of whether Mr. Hung is an expert computer programmer in accordance with FRE 702. Furthermore, the record of this action does contain any basis for Mr. Hung's testimony directed to a computer program. Mr. Hung's deposition is needed in order for Coffelt to show Mr. Hung's Declaration is inadmissible. Furthermore, to show all arguments which rely on Mr. Hung's Declaration are inadmissible.

In light of this request for a deposition, Coffelt requests to extend the October 21, 2019

1    hearing on the Motion to Dismiss (Dkt. No. 29) until 30 days after the deposition.

2    Coffelt and Mr. Hung attempted to resolve this disagreement in accordance with Local Rule 37-1. However, Coffelt and Mr. Hung did not make any agreement regarding this issue.

## ARGUMENT

Defendant's Motion to Dismiss (Dkt. No. 29) is improperly attempting to have a fact determined as a matter of law.

> *But these allegations relate to an idea, not the expression of an idea. As Judge Olguin explained in dismissing Mr. Coffelt's previous copyright action, "[W]hatever substantial similarities may exist between the ideas expressed by OSL and Coffelt's code is irrelevant." (RJN, Ex. 25 at 8.) Nested loops are a basic construct of computer programming. (See IBM Dictionary of Computing 452 (3d ed. 1994) (RJN, Ex. 33) (defining "nest" as "[t]o incorporate one or more structures of one kind into a structure of the same kind; for example, to nest one loop (the nested or inner loop) within another loop (the nesting or outer loop)").)*

See Dkt. No. 29, p. 14

> *Indeed, some of the cited portions of OSL have been present in OSL since September 6, 2016—before his prior lawsuit. (Compare RJN, Ex. 31 (version of OSL's "testshade.cpp" dated September 6, 2016) at 14 (line 889) with Compl., ECF No. 1, at 38 (Ex. 104) (line 969 identified as "Copy of Coffelt's Gradient Work Arrangement of Second Nested Loop Inside a Loop").) The other portions have been present in OSL since at least May 30, 2017—several months before he amended his complaint to allege infringement of his Gradient Work. (Compare RJN, Ex. 32 (version of OSL's "testshade.cpp" dated May 30, 2017) at 13 (line 789) with Comp., ECF No. 1, at 38 (Ex. 104)*

See Dkt. No. 29, p. 12, 13

The above identified arguments at Dkt. No. 29, p. 12, 13 and Dkt. No. 29, p. 14 rely on Mr. Hung's Declaration (Dkt. No. 29-1).

For these reasons, The court has authority to grant this request to depose Mr. Hung pursuant to L. R. 7-8

Coffelt intends to oppose Autodesk's attempt to have facts determined as a matter of law for at least 2 reasons: (1) disputed facts must be decided by a jury; (2) Mr. Hung's Declaration is inadmissible pursuant to FRE 701(c). Therefore, all Autodeks's arguments, which rely on Mr. Hung's Declaration are inadmissible pursuant to Fed. R. Civ. P. 11(b)(3) because the arguments have no evidentiary support.

Mr. Hung's Declaration contains testimony directed to a computer program.

*29. Attached to Autodesk's RJN as **Exhibit 31 is a true and correct copy of** Github's website for Sony Pictures Imageworks' Open Shading Language ("OSL") code, specifically, the version of its "testshade.cpp" **source code** dated September 6, 2016.*

*See* Dkt. No. 29-1, p. 5

*emphasis added*

The above identified Declaration at Dkt. No. 29-1, p. 5 is declaring:

**Exhibit 31 is source code.**



*30. Attached to Autodesk's RJN as **Exhibit 32 is a true and correct copy of** Github's website for Sony Pictures Imageworks' OSL code, specifically, the version of its "testshade.cpp" **source code** dated May 30, 2017.*

*See* Dkt. No. 29-1, p. 5

*emphasis added*

The above identified Declaration at Dkt. No. 29-1, p. 5 is declaring:

**Exhibit 32 is source code.**

*31. Attached to Autodesk's RJN as **Exhibit 33 is a true and correct copy of** an excerpt from the IBM Dictionary of Computing (3d ed. 1994). The excerpt is of page 452 of the dictionary, **which includes the definition of "nest."***

See Dkt. No. 29-1, p. 5

*emphasis added*

The above identified Declaration at Dkt. No. 29-1, p. 5 is declaring:

**Exhibit 33 is a definition of a computing statement.**

The record of this action does not contain any evidence of whether Mr. Hung is an expert computer programmer in accordance with FRE 702. Furthermore, the record of this action does contain any basis for the above identified Mr. Hung's testimony directed to a computer program.

Mr. Hung's deposition is needed in order for Coffelt to show Mr. Hung's Declaration items 29, 30, 31 are inadmissible. Furthermore, to show all arguments which rely on Mr. Hung's Declaration items 29, 30, 31 are inadmissible.

Coffelt intends to depose Mr. Hung with the following questions, not exhaustive, including:

(1.) Are you an expert computer programmer in accordance with FRE 702?

(2.) What is the meaning of dot cpp at the file name extension ("testshade.cpp")?

(3.) What is your basis for your answer to the previous question No. 2 ?

(4.) Are there any terms in Exhibit 31, Dkt. No. 30-31, which are not source code?

(5.) Are there any terms in Exhibit 32, Dkt. No. 30-32, which are not source code?

(6.) What is your basis for your testimony that Exhibit 31 contains source code?

(7.) What is your basis for your testimony that Exhibit 32 contains source code?

(8.) In regard to the book IBM Dictionary of Computing (3d ed. 1994), which you identified in Dkt. No. 30-33, does the book contain any definitions which are not definitions of computing?

(9.) In regard to the book IBM Dictionary of Computing (3d ed. 1994), which you

identified in Dkt. No. 30-33, does the book contain any information which is not directed to computer programming?

**CONCLUSION**

A computer program is specialized technical subject matter. A computer program is not subject matter familiar to the average person in everyday life. Testimony directed to whether the above identified exhibits 31, 32, contains source code must be made by an expert computer programmer pursuant to FRE 701, 702. Testimony directed to whether the above identified exhibit 33 is the definition of a computing statement must be made by an expert computer programmer pursuant to FRE 701, 702.

For the foregoing reasons, Coffelt requests an order for Coffelt to depose Richard S. J. Hung at the earliest date available for the court. Furthermore, for the requested deposition to be before the Honorable James V. Selna, or before the Honorable Douglas F. McCormick. Furthermore, for the court to provide a court reporter, and officer to administer an oath.

In the case where this request for deposition is granted, Coffelt requests to extend the October 21, 2019 hearing for the Motion to Dismiss (Dkt. No. 29) to 30 days after the deposition.

In the case where this request for deposition is denied, Coffelt requests the court to Order Coffelt to file an opposition to the Motion to Dismiss (Dkt. No. 29) within 10 days after denial of this Motion for Deposition; and to extend the October 21, 2019 hearing for the Motion to Dismiss (Dkt. No. 29) to the earliest available hearing date.

Date:  September 11, 2019            By: /s/   Louis A. Coffelt, Jr.
                                                (*Plaintiff, Pro Se*)