Louis A. Coffelt, Jr.
General Delivery
email: Louis.Coffelt@gmail.com
6771 Warner Ave
Huntington Beach, CA 92647
Phone: (657) 456-3112
*Pro Se* Plaintiff

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5428
Facsimile: (213) 892-5454

Attorneys for AUTODESK, INC., ANDREW ANAGNOST, and PASCAL W. DI FRONZO

MICHAEL G. RHODES (116127)
rhodesmg@cooley.com
WHITTY SOMVICHIAN (194463)
wsomvichian@cooley.com
JOSEPH D. MORNIN (307766)
jmornin@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for SONY CORPORATION OF AMERICA, SONY PICTURES IMAGEWORKS INC., and LARRY GRITZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW ANAGNOST, PASCAL W. DI FRONZO, AUTODESK, INC., SONY PICTURES IMAGEWORKS, SONY CORPORATION OF AMERICA, LARRY GRITZ, <br><br> Defendants. | Case No.: 8:19-cv-01351-JVS-DFM <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: September 23, 2019 <br> Time: 10:30 a.m. <br> Courtroom: 10C <br><br> Hon. James V. Selna |

Under Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order Setting Rule 26(f) Scheduling Conference (ECF No. 8), Plaintiff Louis A. Coffelt, Jr., Defendants Autodesk, Inc., Andrew Anagnost, and Pascal W. Di Fronzo (collectively, "Autodesk"), and Defendants Sony Corporation of America, Sony Pictures Imageworks Inc., and Larry Gritz (collectively, "Sony") submit this Joint Rule 26(f) Report.

## I. ITEMS SPECIFIED BY THE COURT'S JULY 22, 2019 ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE (ECF NO. 8)

### A. Synopsis

**Coffelt's Position**:  This is a copyright infringement action.

Coffelt alleges defendants Sony Pictures Imageworks ( Imageworks) and Larry Gritz (Gritz), without authorization, copied Coffelt's copyrighted work in their product "Open Source Shading Language" (OSL). Furthermore, Imageworks and Gritz are making unauthorized derivative works based on Coffelt's copyrighted work.

Imageworks is a subsidiary of defendant Sony Corporation of America (Sony). Coffelt alleges contributory infringement against Sony.

Defendant, Autodesk, Inc. (Autodesk), without authorization, adapted their products to distribute the infringing OSL. Defendants Andrew Anagonst (Anagonst) and Pascal W. Di Fronzo (Di Fronzo) are executives of Autodesk. Coffelt alleges vicarious liability against Autodesk, Anagonst, and Di Fronzo. Coffelt alleges contributory infringement against Anagonst and Di Fronzo.

On August 30, 2019, Coffelt and counsel for Anagonst, Di Fronzo, Autodesk, Richard S. J. Hung (Hung) conducted our Fed.R. Civ. P. 26(f) conference. Mr. Hung indicated there will be a rule 12(b)(6) motion to dismiss filed. Mr. Hung did not indicate any facts specific to this case, which form a basis for a motion to dismiss.

| | |
|---|---|
| 1 | On August 30, 2019, Coffelt and counsel for Imageworks, Sony, Gritz, Whitty Somvichian (Somvichian) conducted our Fed.R. Civ. P. 26(f) conference. Mr. Somvichian indicated there will be a rule 12(b)(6) motion to dismiss filed. Mr. Somvichian did not indicate any facts specific to this case, which form a basis for a motion to dismiss. |
| 6 | Pursuant to Fed. R. Civ. P. 11(b)(3), arguments directed to a computer program must identify a specific person making those arguments. This specific person must specify his qualifications regarding computer programming. |
| 9 | Disputed facts in this case must be decided by a jury. Similarities between Coffelt's source code and OSL source code must be decided by a jury. |
| 11 | Coffelt is requesting statutory damages against defendants. |
| 12 | **Autodesk's Position**:  Mr. Coffelt filed his *pro se* Complaint for copyright infringement on July 10, 2019.  Although Mr. Coffelt concedes that "OSL[']s source code arrangement . . . has a different visual appearance to Coffelt's Gradient Work arrangement" (Compl. ¶ 35), Mr. Coffelt alleges that OSL infringes upon his copyrighted Gradient Work by using "2 sets of nested loops" (*Id.* ¶ 34). |
| 17 | Mr. Coffelt further asserts that Autodesk "obtained access to Coffelt's Gradient Work" through cease-and-desist letters he sent to Autodesk (*id*. ¶¶ 24-25), and that Autodesk and Messers. Anagnost and Di Fronzo "materially contribute to the infringement of Coffelt's copyrighted Gradient Work" and are vicariously liable because "Autodesk provided a copy of Coffelt's Gradient Work TXu 002049564 to defendant Imageworks or Gritz" and "adapted their Products to distribute OSL" (*id.* ¶¶ 38-41, 48). |
| 24 | Autodesk denies that Mr. Coffelt owns a valid copyright, that Autodesk has infringed or infringes Mr. Coffelt's copyrighted work, and that Mr. Coffelt has stated a claim for which relief may be granted.  In particular, the Complaint (1) is barred under the doctrine of *res judicata*, (2) alleges infringement of an uncopyrightable idea, and (3) does not allege plausible facts showing access or |

copying of his copyrighted work. Judge Olguin and the Ninth Circuit have already agreed that his prior copyright case against Autodesk involving the same copyrighted work (TXu 002049564) and the same accused product (Sony Imageworks' OSL) was frivolous. Autodesk repeatedly explained these issues to Mr. Coffelt prior to and after the filing of the Complaint, and at the parties' Rule 26(f) conference, but Mr. Coffelt has ignored them.

**Sony's Position**: Sony denies that Mr. Coffelt owns a valid copyright, that Sony infringed or infringes Mr. Coffelt's copyrighted work, and that Mr. Coffelt has stated a claim for which relief may be granted. In particular, with respect to the Sony defendants, the Complaint (1) does not plausibly show that any Sony defendant accessed Mr. Coffelt's works, (2) does not plausibly allege copying, and (3) alleges infringement of an uncopyrightable idea.

### B. Legal Issues

**Coffelt's Position**:

1. Whether defendants Imageworks or Gritz have infringed Coffelt's copyright under 17 U.S.C. 501.
2. Whether defendants Anagonst, Di Fronzo, or Sony have infringed Coffelt's copyright by contributory infringement.
3. Whether defendants Anagonst, Di Fronzo, or Autodesk have vicarious liability in the copyright infringement.

**Autodesk's Position**:

1. Whether Mr. Coffelt's current copyright infringement claims are barred under the doctrine of *res judicata*.
2. Whether Mr. Coffelt alleges copyright infringement of an unprotectable idea.
3. Whether Mr. Coffelt has plausibly alleged access to his copyrighted work.
4. Whether Mr. Coffelt has plausibly alleged copying of his copyrighted work.

5. Whether Autodesk's Messrs. Anagnost and Di Fronzo materially contribute to the infringement of Mr. Coffelt's copyrighted work.

6. Whether Autodesk and Messrs. Anagnost and Di Fronzo are vicariously liable for infringement of Mr. Coffelt's copyrighted work.

**Sony's Position**:

7. Whether Mr. Coffelt has plausibly alleged access to his copyrighted work.

8. Whether Mr. Coffelt has plausibly alleged copying of his copyrighted work.

9. Whether Mr. Coffelt alleges copyright infringement of an unprotectable idea.

10. Whether Sony Corporation of America is liable for contributory infringement.

C.   **Damages**

**Coffelt's Position**:

Statutory damages against Imageworks is $30,000,000 (thirty million) for direct infringement.

Statutory damages against Imageworks is $8,000,000 (eight million) for unauthorized derivative works infringement.

Statutory damages against Gritz is $8,000,000 (eight million) for direct infringement.

Vicarious liability against Anagonst is $11,000,000 (eleven million).

Damages against Anagonst is $11,000,000 (eleven million) for contributory infringement.

Vicarious liability against Di Fronzo is $11,000,000 (eleven million).

Damages against Di Fronzo is $11,000,000 (eleven million) for contributory infringement.

Vicarious liability against Autodesk is $11,000,000 (eleven million).

1 | Damages against Sony is $500,000 (five hundred thousand) for contributory
2 | infringement.
3 | **Autodesk's Position**:  As Judge Olguin and the Ninth Circuit previously
4 | found, Mr. Coffelt's copyright allegations are frivolous, and he is not entitled to any
5 | damages.
6 | **Sony's Position**:  Mr. Coffelt is not entitled to any damages.
7 | **D.     Insurance**
8 | **Coffelt's Position**:  Coffelt does not have insurance coverage.
9 | **Autodesk's Position**:  There is no insurance coverage for the issues
10 | presented in this case.
11 | **Sony's Position**:  There is no insurance coverage for the issues presented in
12 | this case.
13 | **E.     Motions**
14 | **Coffelt's Position**:
15 | Additional defendants may be added to this action.
16 | Coffelt is considering to add world wide subsidiaries of Autodesk as
17 | defendants in this action.
18 | Coffelt is considering to add executives of subsidiaries of Autodesk as
19 | defendants in this action.
20 | Additional copyright infringement cause of action may be added to this a
21 | action for other Coffelt's copyrighted work.
22 | Coffelt may amend the complaint.
23 | **Autodesk's Position**:  Autodesk does not intend to file motions seeking to
24 | (i) add other parties or claims or (ii) file amended pleadings or (iii) transfer venue.
25 | Autodesk has moved to dismiss for failure to state on claim on which relief
26 | may be granted.  (ECF No. 29.)  Among other things, (1) Mr. Coffelt's claims are
27 | barred by the doctrine of *re judicata*; (2) Mr. Coffelt alleges infringement of an
28 | uncopyrightable idea, and (3) Mr. Coffelt has failed to allege plausible facts

showing access or copying of his copyrighted work.  Judge Olguin and the Ninth Circuit have already agreed that his prior copyright case against Autodesk involving the same copyrighted work (TXu 002049564) and the same accused product (Sony Imageworks' OSL) was frivolous.  A hearing for Autodesk's motion to dismiss is scheduled for October 21, 2019.

Autodesk disagrees that it would be appropriate for Mr. Coffelt to amend his Complaint to add Autodesk subsidiaries and their executives as defendants in this action.  Autodesk is unaware of any facts suggesting that any Autodesk subsidiaries or their executives personally infringe Mr. Coffelt's copyrighted work, and Mr. Coffelt has pointed to no such facts or explained why it would be appropriate to add them to this lawsuit.

**Sony's Position**:  Sony does not intend to file motions seeking to (1) add other parties or claims or (2) file amended pleadings or (3) transfer venue.

Sony will file a motion to dismiss for failure to state claim on which relief may be granted, arguing that the Complaint (1) does not plausibly show that any Sony defendant accessed Mr. Coffelt's works, (2) does not plausibly allege copying, and (3) alleges infringement of an uncopyrightable idea. Sony will notice its motion for a hearing on October 21, 2019.

F. **Discovery and Experts**

**Coffelt's Position**:

Coffelt believes there is no need to change the disclosure requirements under Fed. R. Civ. P. 26(a).

The subjects on which discovery may be needed includes, without limitation,

(a) all subject matter listed in the complaint Dkt. No. 1.

(b) Open Source Shading Language (OSL) source code.

(c) employees and agents of Imageworks, which have correspondence with Autodesk.

1       (d) employees and agents of Autodesk, which have correspondence with
2 Imageworks.
3       (e) correspondence between Imageworks and Autodesk.
4       (f) Autodesk's source code.
5       (g) Autodesk's world wide revenue from their computer aided design
6 software.
7       (h) Autodesk's profits.
8       (i) Correspondence between Coffelt and Autodesk.
9       Discovery should not be limited.
10       The limit of 25 interrogatories may need to be increased.
11       Coffelt will serve discovery requests to defendants by about September 21,
12 2019.
13       There have been no discovery requests served at this time.
14       Each defendant refused to begin discovery.
15       Defendants have not specified any facts specific to this case, which form a
16 basis to refuse to begin discovery. Coffelt believes a motion to compel discovery
17 response for each defendant will be necessary. Coffelt believes other orders are not
18 necessary at this time.
19       Coffelt believes Coffelt will conduct 5 depositions.
20       Coffelt proposes that the time limit for expert witness disclosure under Fed.
21 R. Civ. P. 26(a)(2) is December 1, 2019.
22       **Autodesk's Position**:
23       Autodesk believes this case is frivolous and should be resolved on a motion
24 to dismiss.  Autodesk therefore requests that discovery be stayed pending the
25 Court's determination on Autodesk's motion to dismiss (ECF No. 29).  An order
26 staying discovery is necessary here given Mr. Coffelt's litigation history.  For
27 example, in Mr. Coffelt's last copyright suit, Judge Olguin stayed discovery
28 pending Autodesk's motion to dismiss after Mr. Coffelt served or attempted to

serve on Autodesk 15 sets of discovery comprising 348 discovery requests. Even with the stay, Mr. Coffelt proceeded to file a series of discovery-related motions in violation of Judge Olguin's order, prompting Judge Olguin to threaten to revoke Mr. Coffelt's ECF privileges.

Regarding initial disclosures, it is Autodesk's position that initial disclosures are inappropriate in this action, or, at the very least, premature pending Autodesk's motion to dismiss (ECF No. 29).

Should discovery proceed, the Federal Rules of Civil Procedure (e.g., Rules 26(a)(2) and 26(b)(4)) and the Local Rules of this Court govern discovery and testimony from experts in this case. Autodesk further expects that only very limited discovery from all parties is needed to prove the frivolous nature of Mr. Coffelt's claims. Each side should be limited to no more than three depositions and 25 requests for production. Were this case to proceed to trial, Autodesk expects that it would offer a technical expert and a damages expert, and proposes August 3, 2020 as the date to exchange opening expert disclosures under Fed. R. Civ. P. 26(a)(2).

Because Mr. Coffelt's allegations in his Complaint are based on Autodesk's use or incorporation of OSL, Autodesk disagrees that Autodesk's source code for its products is relevant to this litigation. Autodesk currently is unaware of any percipient witnesses besides Mr. Coffelt.

Autodesk disagrees that Mr. Coffelt should be entitled to directly access Autodesk's source code, if such production is required. Autodesk further believes that any review of its confidential information be under the protections of a suitable protective order with source code provisions and a patent prosecution bar.

**Sony's Position**: Sony believes this case lacks merit and should be resolved on a motion to dismiss. For the reasons stated in Autodesk's position above, Sony agrees that all discovery should be stayed pending the Court's determination on Autodesk's motion to dismiss (ECF No. 29) and Sony's motion to dismiss (to be

filed on September 16, 2019). Sony further agrees that initial disclosures are premature while the motions to dismiss are pending. Should discovery proceed, Sony agrees that discovery should be limited in the manner proposed by Autodesk.

G. **Dispositive Motions**

**Coffelt's Position**:

Coffelt does not intend to move for summary judgment at this time. Coffelt intends to file a motion in limine to exclude argument and testimony directed to the meaning of source code from persons without sufficient experience in computer programming. Coffelt believes a person must have sufficient computer programming experience in order to file arguments, or testimony, directed to the structure of a computer program.

**Autodesk's Position**: Because Mr. Coffelt's Complaint should be resolvable on motion to dismiss (like his prior complaints), Autodesk does not currently anticipate moving for summary judgment or *in limine*.

**Sony's Position**: Sony intends to file a motion to dismiss on September 16, 2019. Sony believes that all causes of action asserted against Sony should be dismissed based on that motion. In the event that any claims survive, Sony would anticipate filing a motion for summary judgment regarding all causes of action asserted against Sony.

H. **Settlement and Settlement Mechanism**

**Coffelt's Position**: There have been no settlement discussion because of the parties disagreement regarding a motion to dismiss.

Coffelt requests ADR PROCEDURE NO. 2 - The parties shall appear before a neutral selected from the Court's Mediation Panel.

**Autodesk's Position**: There have been no settlement discussions. Mr. Coffelt arbitrarily seeks damages of $55,000,000 from Autodesk and its executives Messrs. Anagnost and Di Fronzo—specifically, $11,000,000 for vicarious liability and $11,000,000 for contributory infringement from

Mr. Anagnost; $11,000,000 for vicarious liability and $11,000,000 for contributory infringement from Mr. Di Fronzo; and $11,000,000 for vicarious liability from Autodesk.

In light of Mr. Coffelt's demand, Autodesk does not agree that informal settlement discussions will be productive. The parties have agreed, however, that the case is best suited for mediation with a neutral from the Court Mediation Panel. Autodesk proposes an ADR deadline of March 16, 2020.

**Sony's Position:** Given Mr. Coffelt's litigation history and the nature of his claims in this case, Sony does not believe that informal settlement discussions will be productive. If this case proceeds beyond the pleadings stage, Sony agrees that the case is best suited for mediation with a neutral from the Court Mediation Panel.

**I.  Trial Estimate**

**Coffelt's Position**:

The trial should require 4 days.

Coffelt requests trial by jury.

Coffelt may call 5 witnesses.

**Autodesk's Position**:

Autodesk estimates trial will take no longer than one week and requests trial by court. In view of Mr. Coffelt's intent to amend the complaint to add defendants, Autodesk is unable to identify the number of witnesses it expects to call at trial.

**Sony's Position**: Sony agrees that trial will take no longer than one week. Sony requests trial by court. Sony may call between one and five witnesses.

**J.  Timetable**

Autodesk and Sony believe this case should be resolved on motion to dismiss. To the extent this case is not resolved by that motion, Autodesk and Sony's proposed deadlines are below.

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial date (Coffelt: jury) (Autodesk: court) Estimated length: Coffelt: 4 days Autodesk: < 1 week | 8:30 a.m. (Tuesdays) | | 7/7/20 | 11/17/20 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | 6/30/20 | 11/9/20 | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | 6/22/20 | 11/2/20 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 6/15/20 | 10/26/20 | |
| Last day for hand-serving Motions in Limine | | -6 | 5/26/20 | 10/5/20 | |

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | 5/18/20 | 9/28/20 | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | -11 | 4/20/20 | 8/31/20 | |
| Non-expert Discovery cut-off | | -15 | 3/24/20 | 6/29/20 | |
| Expert discovery cut-off | | | 3/24/20 | 9/28/20 | |
| Rebuttal Expert Witness Disclosure | | | 3/24/20 | 9/7/20 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 12/23/19 | 8/3/20 | |
| Last day to conduct Settlement Conference | | | 1/21/20 | 3/16/20 | |
| Last day to amend pleadings or add parties | | | 1/21/20 | 9/27/19 | |

### K.    Other Issues

**Coffelt's Position**: Coffelt believes there are no other issues affecting the status or management of this case.

**Autodesk's Position**: Mr. Coffelt's Complaint is frivolous and his serial filings against Autodesk and its executives harassing. Autodesk intends to seek Rule 11 sanctions against Mr. Coffelt and is contemplating filing a motion to declare him a vexatious litigant in light of his stated intentions to amend his Complaint and add subsidiaries of Autodesk and their executives to this action.

With respect to protective order issues, Mr. Coffelt should not be entitled to directly access Autodesk's source code, if such production is required. Any review of Autodesk's confidential information should be under the protections of a suitable protective order with source code provisions and a patent prosecution bar.

**Sony's Position**: Sony is not presently aware of other issues affecting the status or management of this case.

### L. Conflicts

**Coffelt's Position**: not applicable.

**Autodesk's Position**: Autodesk has no parent. A list of Autodesk's subsidiaries is attached to the Joint Rule 26(f) Report as Exhibit A.

**Sony's Position**: Sony discloses that Sony Corporation of America and Sony Pictures Imageworks Inc. are indirect, wholly owned subsidiaries of Sony Corporation (a publicly traded corporation headquartered in Tokyo, Japan).

### M. Patent Cases

This is not a patent case.

### N. Magistrates

The parties do not consent to a magistrate judge presiding over this action for all purposes, including trial.

| | | |
|---|---|---|
| Dated: | September 13, 2019 | By: */s/ Louis A. Coffelt, Jr.* <br> *Pro Se Plaintiff* |

By: */s/ Richard S.J. Hung*
Richard S.J. Hung

MORRISON & FOERSTER LLP
Attorneys for Defendants
AUTODESK, INC., ANDREW ANAGNOST, and PASCAL W. DI FRONZO

By: */s/ Michael G. Rhodes*
Michael G. Rhodes

COOLEY LLP
Attorneys for Defendants
SONY CORPORATION OF AMERICA, SONY PICTURES IMAGEWORKS INC., and LARRY GRITZ

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule No. 5-4.3.4(a)(2), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document.

# EXHIBIT A

## Autodesk's List of Subsidiaries

| Subsidiary Name | Jurisdiction of Incorporation |
| --- | --- |
| Autodesk Americas LLC | U.S. |
| ADSK Ireland Limited | Ireland |
| Autodesk (China) Software Research and Development Co., Ltd. | China |
| Autodesk (EMEA) Sàrl | Switzerland |
| Autodesk AB | Sweden |
| Autodesk ApS | Denmark |
| Autodesk Asia Pte. Ltd. | Singapore |
| Autodesk Australia Pty Ltd. | Australia |
| Autodesk B.V. | The Netherlands |
| Autodesk Canada Co. | Canada |
| Autodesk Colombia S.A.S. | Colombia |
| Autodesk DC B.V. | The Netherlands |
| Autodesk DC Limited | United Kingdom |
| Autodesk de Argentina S.A. | Argentina |
| Autodesk de Mexico, S.A. de C.V. | Mexico |
| Autodesk de Venezuela, S.A. | Venezuela |
| Autodesk Development B.V. | The Netherlands |
| Autodesk Development S.à r.l. | Switzerland |
| Autodesk Direct Limited | United Kingdom |
| Autodesk do Brasil Ltda | Brazil |
| Autodesk ehf. | Iceland |

| Subsidiary Name | Jurisdiction of Incorporation |
|---|---|
| Autodesk Far East Ltd. | Hong Kong |
| Autodesk France | France |
| Autodesk Ges.mbH | Austria |
| Autodesk GmbH | Germany |
| Autodesk Holdings LLP | United Kingdom |
| Autodesk Hungary Kft | Hungary |
| Autodesk India Private Limited | India |
| Autodesk International Holding Co. | U.S. |
| Autodesk Israel Ltd. | Israel |
| Autodesk Korea Ltd. | South Korea |
| Autodesk Limited | United Kingdom |
| Autodesk Limited | Saudi Arabia |
| Autodesk Ltd. Japan | Japan |
| Autodesk Netherlands Holdings, B.V. | Netherlands |
| Autodesk S.r.l. | Italy |
| Autodesk S.R.L. | Romania |
| Autodesk SA | Switzerland |
| Autodesk Software (China) Co., Ltd. | China |
| Autodesk Sp. z.o.o. | Poland |
| Autodesk Spol. S.R.O. | Czech Republic |
| Autodesk Strategies Ltd. | China |
| Autodesk Taiwan Limited | Taiwan |
| Autodesk UK Holdings Limited | United Kingdom |

| Subsidiary Name | Jurisdiction of Incorporation |
|---|---|
| Autodesk Yazilim Hizmetleri Ticaret Limited Sirketi (Autodesk Limited Sirketi) | Turkey |
| Autodesk, S.A. | Spain |
| Beijing Delcam Integrated System Co. Ltd. | China |
| CadSoft Computer GmbH | Germany |
| Configure One, Inc. | U.S. |
| Configure One Europe Limited | United Kingdom |
| Configure One Holdings Limited | United Kingdom |
| Creative Market Labs, Inc. | U.S. |
| Crispin Systems Limited | United Kingdom |
| Delcam (Hong Kong) | China |
| Delcam (Malaysia) Sdn. Bhd. | Malaysia |
| Delcam Australia Pty Limited | Australia |
| Delcam Consulting and Technology Services Limited | India |
| Delcam Danmark ApS | Denmark |
| Delcam Engineering Services (Thailand) Co., Ltd. | Thailand |
| Delcam Indonesia | Indonesia |
| Delcam Limited | United Kingdom |
| Delcam Partmaker Limited | United Kingdom |
| Delcam Professional Services Limited | United Kingdom |
| Delcam Software (India) Private Limited | India |
| Delcam Ukraine | Ukraine |
| Delta Soft LLC | Russia |

18

| Subsidiary Name | Jurisdiction of Incorporation |
|---|---|
| Graitec GmbH | Germany |
| Graitec SAS | France |
| Hanna Strategies Holdings, Inc. | U.S. |
| Limited Liability Company Autodesk (CIS) | Russia |
| Magestic Systems, Inc. | U.S. |
| Moldflow B.V. | The Netherlands |
| Moldflow International Pty Ltd. | Australia |
| Moldflow Pty Ltd. | Australia |
| Moldflow Singapore Pte Ltd | Singapore |
| netfabb GmbH | Germany |
| netfabb, Inc. | U.S. |
| SeeControl, Inc. | U.S. |
| SCI Topole | France |
| Shotgun Software Inc. | U.S. |
| Solid Angle, S.L.U. | Spain |
| Solid Angle Limited | United Kingdom |
| Within Technologies | United Kingdom |