| | |
|---|---|
| 1 | COOLEY LLP<br>MICHAEL G. RHODES (116127) |
| 2 | (rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (194463) |
| 3 | (wsomvichian@cooley.com)<br>JOSEPH D. MORNIN (307766) |
| 4 | (jmornin@cooley.com)<br>101 California Street, 5th Floor |
| 5 | San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000 |
| 6 | Facsimile:  (415) 693-2222 |
| 7 | Attorneys for Defendants |
| 8 | SONY CORPORATION OF AMERICA,<br>SONY PICTURES IMAGEWORKS INC., |
| 9 | and LARRY GRITZ |

10   UNITED STATES DISTRICT COURT

11   CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 13 | LOUIS A. COFFELT, JR., | Case No. 8:19-cv-01351-JVS-DFM |
| 14 | Plaintiff, | **DEFENDANTS SONY CORPORATION OF AMERICA, SONY PICTURES IMAGEWORKS INC., AND LARRY GRITZ'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF LOUIS A. COFFELT, JR.'S COMPLAINT** |
| 15 | v. | |
| 16 | ANDREW ANAGNOST, PASCAL W. DI FRONZO, AUTODESK, INC., SONY PICTURES IMAGEWORKS INC., SONY CORPORATION OF AMERICA, and LARRY GRITZ, | |
| 17 | | |
| 18 | | |
| 19 | Defendants. | Date: October 21, 2019<br>Time: 1:30 p.m.<br>Courtroom: Santa Ana, 10C |
| 20 | | Hon. James V. Selna |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, CA, 92701, Defendants Sony Corporation of America, Sony Pictures Imageworks Inc., and Larry Gritz ("Sony") will and hereby do move to dismiss the Complaint of Plaintiff Louis A. Coffelt.

Sony seeks dismissal of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and attached exhibits, the pleadings, records, and files in this action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

This motion is made following the conference of Plaintiff and counsel for Sony under Local Rule 7-3, which took place on August 30, 2019.

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................ 1
II. Background ......................................................................................................... 2
    A. Coffelt has filed a series of meritless *pro se* lawsuits in this District. ........ 2
    B. In this case, Coffelt seeks to avoid the rulings against him in *Coffelt I* and *Coffelt II* ............................................................................................... 3
III. Legal Standard .................................................................................................... 6
IV. Argument ............................................................................................................. 7
    A. Direct Infringement ........................................................................................ 7
        1. Coffelt has not plausibly alleged that SPI and Gritz had access to his copyrighted work. ................................................................. 7
        2. Coffelt has not alleged substantial similarity. ................................ 9
        3. Coffelt alleges that Sony copied an unprotectable idea ................ 10
    B. Contributory Infringement ........................................................................... 12
V. Leave to Amend ................................................................................................ 13
VI. Conclusion ........................................................................................................ 14

# TABLE OF AUTHORITIES

## Cases

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) .................................................................. 12

*Apple Comput., Inc. v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994) ..................................................................... 7

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
   581 F.3d 1138 (9th Cir. 2009) ........................................................... 7, 8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................. 6, 9, 10, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................. 1, 6, 10, 13

*Coffelt v. Autodesk, Inc.*,
   No. 18-56305 (9th Cir. filed Oct. 04, 2018) ......................................... 3, 13

*Coffelt v. Autodesk, Inc.*,
   No. 5:17-cv-01684 (C.D. Cal. filed Aug. 21, 2017) ........................... *passim*

*Coffelt v. Baker*,
   No. 5:13-cv-00568 (C.D. Cal. filed Mar. 27, 2013) ..................................... 2

*Coffelt v. Cal. Dep't of Corr. & Rehab.*,
   No. 5:12-cv-00037 (C.D. Cal. filed Jan. 09, 2012) ..................................... 2

*Coffelt v. Cal. Dep't of Corr. & Rehab.*,
   No. 5:13-cv-00902 (C.D. Cal. filed May 16, 2013) .................................... 2

*Coffelt v. Clark*,
   No. 5:12-cv-00242 (C.D. Cal. filed Feb. 15, 2012) .................................... 2

*Coffelt v. NVIDIA Corp.*,
   680 F. App'x 1010 (Fed. Cir. 2017) ........................................................... 2

*Coffelt v. NVIDIA Corp.*,
   No. 5:16-cv-00457-SJO-KK (C.D. Cal. filed May 13, 2016),
   ECF No. 1 ........................................................................................ 2, 3, 13

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ................................................................... 13

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
   76 F.3d 259 (9th Cir. 1996) ..................................................................... 12

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
   443 F.2d 1159 (2d Cir. 1971) .................................................................. 12

*Golan v. Holder*,
 565 U.S. 302 (2012) .................................................................................. 10

*Hebbe v. Pliler*,
 627 F.3d 338 (9th Cir. 2010) ....................................................................... 6

*Lopez v. Smith*,
 203 F.3d 1122 (9th Cir. 2000) ................................................................... 13

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
 521 F.3d 1097 (9th Cir. 2008) ..................................................................... 6

*MetaFilm Assocs., Inc. v. MCA, Inc.*,
 586 F. Supp. 1346 (C.D. Cal. 1984) ............................................................ 8

*Rentmeester v. Nike, Inc.*,
 883 F.3d 1111 (9th Cir. 2018) ................................................................... 12

*Smith v. Jackson*,
 84 F.3d 1213 (9th Cir. 1996) .................................................................. 7, 9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
 401 U.S. 321 (1971) .................................................................................. 13

**Statutes**

17 U.S.C. § 102(b) ........................................................................................... 10, 12

**Other Authorities**

Fed. R. Civ. P. 15(a) ............................................................................................... 13

U.S. Patent No.
 5,481,723 ................................................................................................... 11
 6,148,439 ................................................................................................... 11
 6,493,701 ................................................................................................... 11
 7,882,100 ................................................................................................... 11

Cooley LLP
Attorneys At Law
San Francisco

iii

MOTION TO DISMISS
8:19-CV-01351-JVS-DFM

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This case is the latest in a series of *pro se* infringement complaints filed by Louis Coffelt in this District targeting the same alleged conduct—all of which were dismissed with prejudice. This latest complaint recycles the same meritless theories and should be dismissed as well.

Coffelt alleges that Sony Corporation of America ("SCA"), Sony Pictures Imageworks Inc. ("SPI"), and Larry Gritz (together, "Sony" or the "Sony defendants") unlawfully copied his copyrighted computer code. His allegations fail to state a claim for several reasons.

First, Coffelt speculates that Sony somehow gained access to his works because he sent them by email and U.S. Mail to the CEO of Autodesk, Inc.—an entirely separate company. The sole basis for this speculation is the allegation that Sony has a "business relationship" with Autodesk, but Coffelt offers no explanation of what that relationship entails, or how Sony could have accessed Coffelt's works simply because he sent them to an Autodesk executive. This "naked assertion" fails to move his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007).

Second, Coffelt fails to identify any portion of Sony's computer code that is substantially similar to his own, as required to state a claim for copyright infringement.

Third, Coffelt alleges that Sony copied an *idea* from his copyrighted code. But copyright law protects only the *expression* of an idea; it does not protect the idea itself. Indeed, Judge Olguin previously dismissed one of Coffelt's prior complaints with prejudice on this very basis.

Because Coffelt's allegations fail to state any viable claim, his claims against the Sony defendants should be dismissed with prejudice.

## II. BACKGROUND

### A. Coffelt has filed a series of meritless *pro se* lawsuits in this District.

After he was incarcerated, Coffelt filed several *pro se* lawsuits in this District against the California Department of Corrections and Rehabilitation and its officials, all of which were dismissed:

- *Coffelt v. Cal. Dep't of Corr. & Rehab.*, No. 5:12-cv-00037 (C.D. Cal. Jan. 09, 2012) (dismissed because Coffelt had already asserted the same claims via several unsuccessful state-court habeas actions).
- *Coffelt v. Clark*, No. 5:12-cv-00242 (C.D. Cal. Feb. 15, 2012) (dismissed because the court determined that Coffelt's complaint should have been filed as an amended complaint in his earlier action).
- *Coffelt v. Baker*, No. 5:13-cv-00568 (C.D. Cal. Mar. 27, 2013) (dismissed because the defendant parole officer was entitled to qualified immunity).
- *Coffelt v. Cal. Dep't of Corr. & Rehab.*, No. 5:13-cv-00902 (C.D. Cal. May 16, 2013) (voluntarily dismissed after the court issued an order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction).

In 2016, Coffelt brought a *pro se* action against Autodesk, NVIDIA, and Pixar, alleging that those companies infringed his patent for a "Method for deriving pixel color using steradians." See Compl. for Patent Infringement at ¶ 11, *Coffelt v. NVIDIA Corp.*, No. 5:16-cv-00457-SJO-KK (C.D. Cal. Mar. 14, 2016) ("*Coffelt I*"), ECF No. 1. The court dismissed the complaint, finding that Coffelt's method was "unpatentable." *Coffelt I*, ECF No. 43 at 11. On appeal, the Federal Circuit affirmed. *Coffelt v. NVIDIA Corp.*, 680 F. App'x 1010 (Fed. Cir. 2017).

Coffelt then restyled his patent theories as copyright infringement claims in another *pro se* action against Autodesk. *Coffelt v. Autodesk, Inc.*, No. 5:17-cv-01684-FMO-SHK (C.D. Cal. Aug. 21, 2017) ("*Coffelt II*"). According to Coffelt, correctional officers "forcefully took" copies of his copyrighted works, which

Autodesk then obtained as a result of its "significant relationship" with the Department of Corrections and Rehabilitation. *Coffelt II*, ECF No. 1 ¶¶ 22–23, 78–80. He alleged that Autodesk's software was infringing because, like Coffelt's software, it enabled users to create "photorealistic digital images." *See, e.g.*, *id.* ¶¶ 20, 41–42. He sought $33 billion in damages. *Id.* ¶¶ 88, 93. After twice granting Coffelt leave to amend his complaint, the court dismissed his claims with prejudice, finding that (1) Coffelt's allegations of Autodesk's access to his works were "implausible and conclusory" and (2) Coffelt had "not plausibly alleged unlawful copying" because "the only 'facts' pertaining to 'copying' concern unprotectable elements of the work." *Coffelt II*, Order Dismissing Pl.'s Second Am. Compl. with Prejudice ("MTD Order"), ECF No. 69 at 7–8. The Ninth Circuit dismissed Coffelt's appeal as "frivolous." Order at 1, *Coffelt v. Autodesk, Inc.*, No. 18-56305 (9th Cir. May 29, 2019).

**B.    In this case, Coffelt seeks to avoid the rulings against him in *Coffelt I* and *Coffelt II*.**

In this case—his seventh *pro se* action filed in this District in as many years—Coffelt once again seeks to circumvent the previous adverse rulings on his infringement claims. *See Coffelt II*, MTD Order at 3–4 (noting that *Coffelt I* and *Coffelt II* involved infringement allegations based on the same type of image processing software, even though the first was cast as a patent case and the second was cast as a copyright case).

His allegations in this case can be summarized as follows:

- Coffelt is the author of certain copyrighted computer programs. The only program at issue in this case is the work bearing the copyright registration number TXu 2-049-564, which Coffelt refers to as the "Gradient Work." Compl., ECF No. 1 ¶¶ 11, 22; *see also id.* Ex. 100.
- In April and June 2017, Coffelt sent copies of some of his computer programs by email and U.S. Mail to Carl Bass, who was the CEO of Autodesk at the time. Coffelt does not specify which programs he sent.

*Id.* ¶¶ 14, 24–25.

- SPI "has a business relationship" with Autodesk, and it "obtained access to Coffelt's copyrighted computer programs through Autodesk, Carl Bass, or the Executives." *Id.* ¶¶ 17, 26–27. The "Executives" are defendants Andrew Anagnost and Pascal Di Fronzo, both of whom are currently employed as Autodesk executives.

- SPI and Gritz are the authors of software called Open Shading Language ("OSL") that helps render digital images. The OSL source code is available to the public.[1] *Id.* ¶¶ 18, 28.

- SPI and Gritz "copied Coffelt's copyrighted source code" in OSL. This copying occurred sometime after November 13, 2018, and Coffelt discovered it around June 6, 2019. *Id.* ¶¶ 18, 36–37.

- The OSL code has a "different visual appearance" as compared to Coffelt's code. However, "based on Coffelt's extensive10 [sic] years of experience in computer programming, OSL source code arrangement is identical to Coffelt's Gradient Work source code arrangement." *Id.* ¶ 35.

- SPI and Gritz are liable for direct copyright infringement because they copied the "arrangement" of Coffelt's code (but not the code itself). *Id.* ¶¶ 35, 51–80.

- SCA is liable for contributory copyright infringement because "Imageworks is a subsidiary of defendant Sony" and "Sony materially contributes to the infringement." *Id.* ¶¶ 44–45, 103–13.

- Anagnost and Di Fronzo are liable for contributory copyright infringement because they "directed the act of adapting Autodesk's Products to cause distribution of the infringing OSL. *Id.* ¶¶ 38–43, 81–91.

---

[1] SPI publishes the OSL source code at GitHub, https://github.com/imageworks/OpenShadingLanguage (last visited Sept. 16, 2019).

- Autodesk, Anagnost, and Di Fronzo are vicariously liable because they "received financial benefit from the license of their Products." *Id.* ¶¶ 46–50, 92–102.

In this case, Coffelt adds as defendants two Autodesk executives—Andrew Anagnost and Pascal Di Fronzo—as well as SCA, SPI, and Gritz. Yet his core allegations—that Sony improperly copied Coffelt's "Gradient Work" in its OSL source code—are recycled from *Coffelt II*. For example:

| **Allegations in *Coffelt II*[2]** | **Allegations in this case[3]** |
|---|---|
| "Sony Imageworks makes and distributes a product titled Open Source Shading Language (OSL) . . . on public internet sites. Exhibits attached to this complaint show Sony Imageworks has derived their OSL source code from Coffelt's copyrighted works." ¶ 20. | "Defendants Imageworks and Gritz make a computer program having a title Open Source Shading Language (OSL). On about June 6, 2019, Coffelt discovered that Imageworks and Gritz copied Coffelt's arrangement of copyrighted computer program in their OSL program." ¶ 18. |
| "The OSL source code . . . is identical to Coffelt's Gradient Work, or is a derivative of Coffelt's Gradient Work." ¶ 72. | "OSL source code is identical to Coffelt's Gradient Work source code." ¶ 37. |
| "Without authorization, Sony Imageworks distributed the following Plaintiff owned and copyrighted claimed work including . . . 'CAD Reflective Intensity' registration No. TXu002049564."[4] ¶ 158. | "[W]ithout authorization, defendant Imageworks copied the following plaintiff owned and copyrighted claimed work 'CAD Reflective Intensity' registration No. TXu002049564." ¶ 54. |

---

[2] *See Coffelt II*, Second Amended Complaint, ECF No. 35.

[3] *See* ECF No. 1.

[4] SPI was not a party to *Coffelt II*, but Coffelt asserted a cause of action against it nonetheless. *See Coffelt II*, MTD Order at 1 ("Plaintiff asserts six causes of action for copyright infringement against defendant, and one cause of action against, inexplicably, Sony Imageworks, a non-party to this proceeding.").

In this case, Coffelt asserts the following causes of action against the Sony defendants:[5]

| Cause of Action | Theory | Defendant | Copyrighted Work |
|---|---|---|---|
| 1st (¶¶ 51–60) | Direct infringement (reproduction right) | SPI | TXu 2-049-564 |
| 2nd (¶¶ 61–70) | Direct infringement (reproduction right) | Gritz | TXu 2-049-564 |
| 3rd (¶¶ 71–80) | Direct infringement (derivative works right) | SPI | TXu 2-049-564 |
| 6th (¶¶ 103–13) | Contributory infringement | SCA | TXu 2-049-564 |

## III.  LEGAL STANDARD

A complaint "must be dismissed" when a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

*Pro se* pleadings should be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). But dismissal is warranted when the complaint lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also Coffelt II*, MTD Order at 7 (dismissing Coffelt's previous *pro se* complaint with

---

[5] Coffelt asserts his fourth and fifth causes of action against the Autodesk defendants. This motion concerns only the claims asserted against the Sony defendants (i.e., the first, second, third, and sixth causes of action).

prejudice because his allegations were "implausible and conclusory").

## IV. ARGUMENT

Coffelt asserts two categories of claims against the Sony defendants: direct infringement against SPI and Gritz (Compl. ¶¶ 51–80) and contributory infringement against SCA (*id.* ¶¶ 103–13). None of these claims has merit. First, his direct infringement claims fail because he alleges no facts plausibly demonstrating that the Sony defendants accessed or copied his copyrighted works. Second, his contributory infringement claim fails because there can be no secondary liability without a valid underlying claim for direct infringement.

### A. Direct Infringement

To establish a claim for direct infringement, "a plaintiff must show that (1) she owns the copyright, and (2) defendant copied protected elements of the copyrighted work." *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996) (citing *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994)). Where a plaintiff cannot directly allege copying, the "plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are 'substantially similar' in idea and in expression of the idea." *Id*.

Here, Coffelt has not alleged any "direct evidence of copying" against SPI and Gritz, and must therefore plead facts sufficient to show that:

(1) SPI and Gritz had *access* to Coffelt's work;

(2) their work is *substantially similar* to Coffelt's work; and

(3) they copied *protected elements* of Coffelt's work.

As explained below, Coffelt's allegations fail on each point.

#### 1. Coffelt has not plausibly alleged that SPI and Gritz had access to his copyrighted work.

"To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).

"Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id.* Access through an intermediary may be shown if there is "some overlap in subject matter to permit an inference of access." *MetaFilm Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1358–59 (C.D. Cal. 1984).

The allegations here fail to meet any of these requirements for demonstrating access. Coffelt alleges only that he sent a copy of his computer programs by email and U.S. Mail in April 2017 to Carl Bass, who was the CEO of Autodesk at the time. Compl. ¶¶ 14, 24. He also alleges that he sent another copy of his programs by email to Carl Bass in June 2017. *Id.* ¶¶ 14, 25.

According to Coffelt, SPI obtained access to these works because it has a "business relationship" with Autodesk:

> 26. On April, 29, 2017, Imageworks obtained access to Coffelt's Gradient Work by email to Carl Bass. *See* EXHIBIT 102. Imageworks has a business relationship with Autodesk. See EXHIBIT 105.
> 27. On June 15, 2017, Imageworks obtained access to Coffelt's Gradient Work by email to Carl Bass. *See* EXHIBIT 103. Imageworks has a business relationship with Autodesk.[6]

Compl. ¶¶ 26–27.

These conclusory statements do not plausibly show that SPI had access to Coffelt's works. Coffelt states, without support, that "Imageworks has a business relationship with Autodesk." *Id.* But he provides no explanation of what that

---

[6] Exhibits 102 and 103 are screenshots of Coffelt's emails to Carl Bass, apparently showing that he attached his works as PDF files. Exhibit 105 appears to be a one-page screenshot of Larry Gritz's public profile on GitHub. (GitHub is a website where software developers can store and publish their code. Larry Gritz's profile is available at https://github.com/lgritz.)

"relationship" entails, nor does he explain how SPI's business activities are related in any way to Autodesk's. Coffelt also states that SPI "obtained access" to his works because he emailed them to Autodesk's CEO, but he offers no explanation of how SPI accessed his works as a result of Coffelt sending them to an executive at a different company.

Coffelt's bare allegations mirror his theory of access in *Coffelt II*, where he alleged that officers from the Department of Corrections and Rehabilitation "forcefully took" his copyrighted works, and that Autodesk gained access through its "significant relationship" with the Department. *Coffelt II*, ECF No. 35 ¶¶ 105–09. The court rejected this theory, finding that "[a]ccess cannot reasonably be inferred from implausible and conclusory allegations of a 'significant relationship' between two entities engaged in wholly divergent activities." *Coffelt II*, MTD Order at 7. On that basis, the court found that Coffelt "failed to allege copying," and it dismissed his direct infringement claim with prejudice. *Id.* at 7, 9–11.

The Court should do the same here. Coffelt has failed to meet his burden to "show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks*, 581 F.3d at 1143. His "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79. This defect alone warrants dismissal of his direct infringement claims against SPI and Gritz.

### 2. Coffelt has not alleged substantial similarity.

Even if Coffelt could show that SPI and Gritz somehow accessed his work, he has not demonstrated that the allegedly infringing work is substantially similar to his own. *See Smith*, 84 F.3d at 1218 (a "plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are 'substantially similar'").

Coffelt alleges that SPI and Gritz "copied Coffelt's copyrighted source code" in Sony's OSL work sometime after November 13, 2018. Compl. ¶¶ 18, 33–37. He

concedes that the OSL code has a "different visual appearance" as compared to his own code. *Id.* ¶ 35. But he contends that, "based on [his] extensive10 [sic] years of experience in computer programming, OSL source code arrangement is identical to [his] Gradient Work source code arrangement." *Id.*

Coffelt fails to allege any specific facts showing that the works are substantially similar. Out of the hundreds of lines of code in his Gradient Work (*see* Compl. Ex. 101), he does not identify a single line that is substantially similar to any code in the OSL work. Instead, he simply asserts without explanation that the works are "identical" in a way that only he can understand. This bare conclusion is insufficient. *See Twombly*, 550 U.S. at 555 n.3 (a complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief"); *Iqbal*, 556 U.S. at 678 (such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### 3. Coffelt alleges that Sony copied an unprotectable idea.

Even if Coffelt had alleged sufficient facts to demonstrate copying of his work, his direct infringement claims would still fail as a matter of law because the allegedly copied elements do not constitute protected *expression*; rather, they are unprotected *ideas*. *See, e.g.*, *Golan v. Holder*, 565 U.S. 302, 328 (2012) (copyright law protects the expression of an idea, but not the idea itself); 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Coffelt II*, MTD Order at 7–8 (explaining that "[c]opyright protects the tangible expression of an idea, not the idea itself," and concluding that Coffelt had only alleged copying of an unprotectable idea) (quoting *Golan*).

Coffelt alleges that SPI and Gritz copied the *idea* of organizing code into "nested loops." Compl. ¶ 34. In computer programming, a loop is a process that repeats a set of instructions until a condition is met—for instance: "print each letter of

the alphabet until you reach the letter Q."[7] A nested loop is simply a loop within a loop—for instance: "print each letter of the alphabet until you reach the letter Q, and for each letter, print the first ten words in the dictionary that start with that letter."[8]

Nested loops are fundamental building blocks of computer programming, and they are commonly used throughout the software industry.[9] They appear in countless works that predate Coffelt's work (which was registered in 2016)—for instance:

- U.S. Patent No. 5,481,723, titled "System and method for controlling execution of nested loops in parallel in a computer including multiple processors, and compiler for generating code therefore," issued on January 2, 1996. Request for Judicial Notice ("RJN") Ex. 1.[10]
- U.S. Patent No. 6,148,439, titled "Nested loop data prefetching using inner loop splitting and next outer loop referencing," issued on November 14, 2000. RJN Ex. 2.
- U.S. Patent No. 6,493,701, titled "Database system with methodology providing faster N-ary nested loop joins," issued on December 10, 2001. RJN Ex. 3.
- U.S. Patent No. 7,882,100, titled "Database system with methodology for generating bushy nested loop join trees," issued on February 1, 2011. RJN Ex. 4.

---

[7] *See, e.g.*, UC Berkeley, *Loops*, INTRODUCTION TO COMPUTING FOR ENGINEERS (Spring 2006), *available at* https://people.eecs.berkeley.edu/~jrs/4/lec/06.

[8] *See, e.g.*, UC Berkeley, *Statement counting in nested loops*, DATA STRUCTURES AND ADVANCED PROGRAMMING (Fall 2007), *available at* http://inst.eecs.berkeley.edu/~cs61b/fa07/index.html.

[9] *See, e.g.*, Microsoft, *Nested Control Structures*, VISUAL BASIC GUIDE (July 19, 2015), *available at* https://docs.microsoft.com/en-us/dotnet/visual-basic/programming-guide/language-features/control-flow/nested-control-structures (explaining how to write nested loops in Microsoft's Visual Basic programming language).

[10] Sony's request for judicial notice is filed concurrently with this motion.

Even assuming Coffelt could assert ownership of the idea of nested loops (which he cannot), his infringement claim fails because copyright protection does not extend to ideas, concepts, processes, or procedures. 17 U.S.C. § 102(b). As the court in *Coffelt II* observed, "a defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work. To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Coffelt II*, MTD Order at 8 (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)). The same is true here. Coffelt does not allege that SPI and Gritz copied any particular code from Coffelt's work; rather, he alleges that they copied the idea of arranging code in nested loops. Thus, as in *Coffelt II*, Coffelt "has not plausibly alleged unlawful copying where the only 'facts' pertaining to 'copying' concern unprotectable elements of the work." *Id.*

### B.    Contributory Infringement

Coffelt alleges that SCA is liable for contributory infringement because it "materially contribute [sic] to the acts of infringement of Imageworks." Compl. ¶ 106. But "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001); *see also Coffelt II*, MTD Order at 8–9 (dismissing Coffelt's claim for contributory infringement because he failed to allege a valid claim for direct infringement). Because Coffelt has not stated a claim for direct infringement, his claim for contributory infringement must fail.

In addition, even if Coffelt could establish a predicate act of direct infringement, he has failed to state a claim for contributory infringement against SCA. Contributory infringement exists when "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Here, Coffelt has not alleged any facts showing that SCA had

knowledge of any infringing activity. Nor has he shown that SCA induced, caused, or materially contributed to any infringing conduct. Instead, he simply asserts—with no explanation at all—that SCA "materially contributes to the infringement of Coffelt's copyrighted Gradient Work." Compl. ¶ 44; *see also id.* ¶¶ 106–07. That is not enough. *See Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do"); *Iqbal*, 556 U.S. at 678–79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## V. LEAVE TO AMEND

Although the federal rules contemplate leave to amend in some situations, courts "are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Courts may also deny leave to amend when amendment would cause undue prejudice to the opposing party, when amendment is sought in bad faith, when amendment would cause undue delay, when amendment would be futile, or when the plaintiff has previously amended his or her complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987).

Coffelt has had ample opportunity to pursue his infringement theories. He first asserted his claims in this District in *Coffelt I*. The court dismissed his complaint with prejudice. After unsuccessfully appealing to the Federal Circuit, he asserted his theories again in *Coffelt II*. Judge Olguin gave him two chances to amend his complaint before dismissing his claims with prejudice, finding that "it would be futile, unfair, and prejudicial to afford plaintiff a ***fourth opportunity*** to state his claims." *Coffelt II*, MTD Order at 10 (emphasis added). After the Ninth Circuit dismissed his appeal as "frivolous" (Order at 1, *Coffelt v. Autodesk, Inc.*, No. 18-56305 (9th Cir. May 29, 2019)), Coffelt filed this case, asserting the same core allegations yet again.

There is no basis to allow these meritless theories to proceed. The Court should exercise its discretion to dismiss Coffelt's claims with prejudice. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of

the trial court.").

## VI. CONCLUSION

Sony respectfully requests that the Court dismiss Coffelt's claims against the Sony defendants[11] with prejudice.

Dated: September 16, 2019         COOLEY LLP

/s/ Whitty Somvichian
Whitty Somvichian (194463)

Attorneys for Defendants

SONY CORPORATION OF AMERICA, SONY PICTURES IMAGEWORKS INC., and LARRY GRITZ

---

[11] The causes of action asserted against the three Sony defendants—Sony Corporation of America, Sony Pictures Imageworks Inc., and Larry Gritz—are the first (¶¶ 51–60), second (¶¶ 61–70), third (¶¶ 71–80), and sixth (¶¶ 103–13).