1  Louis A. Coffelt, Jr.

2  General Delivery

3  6771 Warner Avenue

4  Huntington Beach, CA 92647

5  email: Louis.Coffelt@gmail.com

6  Phone: (657) 456-3112

7  *Pro Se*

UNITED STATES DISTRICT COURT

for the Central District of California

| | | |
|---|---|---|
| Louis A. Coffelt, Jr., | ) | |
|    plaintiff, | ) | Case No.  8:19-cv-01351   JVS - DFM |
| -v- | ) | |
| Andrew Anagnost, defendant, | ) | |
| Pascal W. Di Fronzo, defendant, | ) | Date: October 21, 2019 |
| Autodesk, Inc., defendant, | ) | Time: 1:30 p.m. |
| Sony Pictures Imageworks, defendant, | ) | Courtroom: 10C |
| Sony Corporation of America, defendant, | ) | Hon. James V. Selna |
| Larry Gritz, defendant. | ) | |
| _____ | ) | |

**NOTICE OF MOTION; AND MOTION FOR EVIDENTIARY HEARING 40 CFR § 78.14 ;**

**AND REQUEST TO EXTEND OCTOBER 21, 2019 HEARING DATE**

**TO:** defendants, Andrew Anagnost, Pascal W. Di Fronzo, Autodesk, Inc., Sony Pictures Imageworks, Sony Corporation of America,  Larry Gritz:

    PLEASE TAKE NOTICE that on Tuesday October 21, 2019 at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable James V. Selna, in Courtroom 10C of the United States District Court of the Central District of California, located at 411 West 4th Street, Santa

Ana, CA 92701, Plaintiff Louis A. Coffelt, Jr. (Coffelt), hereby moves the Court for an Order for an Evidentiary Hearing pursuant to 40 CFR § 78.14; and to extend the October 21, 2019 hearing on Motion to Dismiss (Dkt. No. 29) and Motion to Dismiss (Dkt. No. 35) to 30 days after the Evidentiary Hearing.

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities, the pleadings, records, and files in this action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

In an attempt to avoid filing this motion, Coffelt requested each defendant, to amend their documents in order to clarify their pleadings and remove the violations of civil procedure. Defendants refused to amend their pleadings. *See* Exhibits A, B. The parties also held a conference in accordance with L. R. 7-3. Counsel for defendants indicated they will oppose this Motion.

### STATUTES

Fed. R. Civ. P. 7(B)

### MEMORANDUM OF POINTS AND AUTHORITIES

#### Introduction

Defendants have offered ambiguous items in their Requests for Judicial Notice without any evidence of what those items are. These indefinite items offered by defendants impose that Coffelt must speculate in order to reply to the Requests for Judicial Notice.

For these reasons, and those following, not exhaustive, defendant's Requests for Judicial notice have caused both confusion and prejudice to Coffelt.

Coffelt requested each defendant to file an amended pleading in order to remove this confusion and prejudice. Each defendant refused to amend their pleadings. For these reasons, Coffelt believes any attempt to compel defendants to amend their pleading would only cause: (a) minimal attempts to resolve the confusion; and (b) unnecessary delay. For these reasons, Coffelt believes an Evidentiary Hearing is an appropriate resolution to these issues of confusion and prejudice.

For these reasons, and those following, not exhaustive, Coffelt requests an Order for an Evidentiary Hearing pursuant to 40 CFR § 78.14. Coffelt is requesting an Evidentiary Hearing

in order to determine admissibility of defendant's Request for Judicial Notice in order to remove the confusion and prejudice to Coffelt.

## ARGUMENT

On September 6, 2019, defendants Andrew Anagnost, Pascal W. Di Fronzo, Autodesk, Inc. filed a Request for Judicial Notice, Dkt. No. 30 (RJN A).

On September 16, 2019, defendants Sony Pictures Imageworks, Sony Corporation of America, Larry Gritz, filed a Request for Judicial Notice, Dkt. No. 35-2 (RJN S).

Both RJN A and RJN S have caused confusion to Coffelt.

RJN A requests Judicial Notice of a statement directed to "nest" Dkt. No. 30, p. 7 (Exhibit 33).  There is no evidence in the record of this action of what their statement directed to "nest" is. There is no evidence in the record of this action of whether their statement directed to "nest" is a "lay statement" or "technical statement". *See* Dkt. No. 30, p. 7.

Furthermore, there is no evidence in the record of this action of how their statement directed to "nest" is relevant to this action. These deficiencies cause confusion because Coffelt must speculate to form any response to defendant's request for judicial notice of Exhibit 33.

Next, RJN A requests Judicial Notice of 2 documents (Exhibit 31, 32) which are alleged to be "source code". There is no evidence in the record of this action that those Exhibit 31, 32 are "source code". There is no evidence in the record of this action of how these Exhibit 31, 32 are relevant to this action. *See* Dkt. No. 30, p. 6. For these reasons, Coffelt must speculate in order to reply to defendant's request for judicial notice of Exhibits 31, 32.

Furthermore, defendants declaration Dkt. No. 29-1 contains testimony directed to Exhibit 31, 32, which is in violation of FRE 701(c). There is no evidence in the record of this case of counsel for Autodesk is an expert qualified to testify on technical subject matter.

Next, Defendants have requested Judicial Notice of a previous case, Exhibits 16  through 35 Dkt. No. 30, p. 3-5, which, Judge Olguin found to be not related to this action. Most significant, defendants make this request for judicial notice without any evidence in dispute of Judge Olguin's findings that the case is not related to this action. *See* Dkt. No. 17 . There is no evidence in the record of this action of how Exhibits 16 through 35 are relevant to this action. Coffelt must speculate in

order to reply to defendant's request for judicial notice of Exhibits 16 through 35.

Next, defendants have requested judicial Notice of Coffelt's previous cases, Dkt. No. 30, Exhibits 1 through 15, which are obviously not relevant to this action. There is no evidence in the record of this action of how Exhibits 1 through 15 are relevant to this case. Coffelt must speculate in order to reply to defendant's request for judicial notice of Exhibits 1 through 15.

Defendant's RJN S requests judicial notice of 4 United States patents Dkt. No. 35-2, p. 1 (Exhibits 1 through 4). There is no evidence in the record of this action of how these Exhibits 1 through 4 are relevant to this action. Coffelt must speculate in order to reply to defendant's request for judicial notice of these Exhibits 1 through 4.

Coffelt notified all defendants in this action of Coffelt's confusion in the above identified issues. Coffelt requested each defendant to file an amended Motion to Dismiss in order to remove this confusion. *See* Exhibits A, B. Each defendant refused to file an amendment to their Motion to Dismiss. The attached Exhibits A, B contain additional evidence supporting this request for an Evidentiary Hearing should be granted.

**CONCLUSION**

For the foregoing reasons, defendants RJN A has not particularly specified a basis for the RJN A, which is a violation of Fed. R. Civ. P. 7(B).

For the foregoing reasons, defendants RJN S has not particularly specified a basis for the RJN S, which is a violation of Fed. R. Civ. P. 7(B).

For the above reasons, defendants have caused prejudice to Coffelt because Coffelt can not fairly reply to their Motions to Dismiss.

Coffelt is appearing *pro se* in this case. Based on defendants refusal to amend their Motions to Dismiss, Coffelt believes any court order to Compel Defendants to amend their Motions to Dismiss is futile. Coffelt's believes an Evidentiary Hearing is the appropriate method to resolve these issues.

Coffelt is requesting an Evidentiary Hearing in order to determine admissibility of Defendant's Exhibits in their Requests for Judicial Notice Dkt. Nos. 30, 35-2. Coffelt is also requesting an Evidentiary Hearing in order to remove the above identified confusion and prejudice caused by the confusion.

**REQUESTED RELIEF**

For the above reasons, not exhaustive, Coffelt requests an Order for an Evidentiary Hearing pursuant to 40 CFR § 78.14. Coffelt requests this court to determine admissibility of defendant's Request for Judicial Notice Dkt. No. 30 Exhibits 1 through 33. Coffelt requests this court to determine admissibility of defendant's Request for Judicial Notice Dkt. No. 35-2 Exhibits 1 through 4.

In the case the court grants this request for an Evidentiary Hearing, Coffelt requests the court to extend the October 21, 2019 hearing on defendant Motion to Dismiss Dkt. No. 29 to 30 days after the Evidentiary Hearing.

In the case the court grants this request for an Evidentiary Hearing, Coffelt requests the court to extend the October 21, 2019 hearing on defendant Motion to Dismiss Dkt. No. 35 to 30 days after the Evidentiary Hearing.

In the case the court denies this motion for an Evidentiary Hearing, Coffelt request the court to order Coffelt to file an opposition to the Motions to Dismiss within 10 days after the denial of this request for Evidentiary Hearing. Furthermore, Coffelt requests the court to extend the hearing on defendant's Motions to Dismiss, Dkt. No. 29, 35 to an earliest available date.

Date: September 19, 2019            By: /s/   Louis A. Coffelt, Jr.
                                        (*Plaintiff, Pro Se*)