RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: 213.892.5428
Facsimile: 213.892.5454

Attorneys for Defendants AUTODESK, INC., ANDREW ANAGNOST, AND PASCAL W. DI FRONZO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW ANAGNOST, PASCAL W. DI FRONZO, AUTODESK, INC., SONY PICTURES IMAGEWORKS, SONY CORPORATION OF AMERICA, LARRY GRITZ, <br><br> Defendants. | Case No. 8:19-cv-01351-JVS-DFM <br><br> **DEFENDANTS AUTODESK, INC., ANDREW ANAGNOST, AND PASCAL W. DI FRONZO'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEPOSITION OF RICHARD S.J. HUNG AND TO EXTEND OCTOBER 21, 2019 HEARING DATE** <br><br> Date: October 21, 2019 <br> Time: 1:30 p.m. <br> Courtroom: Santa Ana, 10C <br><br> Hon. James V. Selna |

1

sf-4079409

## I. INTRODUCTION

Autodesk respectfully requests that the Court deny Louis Coffelt's motion to depose Autodesk's attorney, based on the contents of his attorney declaration.

From a procedural perspective, Mr. Coffelt's motion violates Local Rule 7-3, as he did not observe the seven-day notice requirement. The Court may deny his motion on this basis alone.

From a substantive perspective, there is plainly no merit to Mr. Coffelt's motion. The sole purpose of Richard Hung's declaration in support of Autodesk's motion to dismiss was to declare that documents for which Autodesk seeks judicial notice are true and correct copies. Mr. Hung did not offer any testimony regarding the contents of these documents or any computer code, and Mr. Coffelt offers nothing to overcome the strong presumption against deposing trial counsel during active litigation. There is no basis for Mr. Hung's deposition.

At its core, Mr. Coffelt's motion is just like his seven prior *pro se* lawsuits: vexatious and harassing. The Court therefore should deny his requests both for this deposition request and for an extension of the October 21, 2019 hearing date to accommodate the deposition.

## II. ARGUMENT

### A. Mr. Coffelt Did Not Satisfy Local Rule 7-3

As Judge Olguin previously observed, even "*[p]ro se* litigants such as plaintiff are not exempt from complying with court orders, the requirements of the Federal Rules of Civil Procedure[,] or a judicial district's local rules." (*See, e.g.*, ECF No. 30, Request for Judicial Notice ("RJN"), Ex. 24 at 1.) Here, Mr. Coffelt's motion to depose Autodesk's lead counsel based on his declaration attaching documents is simply the latest example of his disregard for applicable rules and procedures. (*See id.* at 1 (ordering Mr. Coffelt to refrain from filing future motions); *see also id.*, Ex. 28 at 1 (observing that Mr. Coffelt had used "his electronic filing privileges to file a number of inappropriate documents onto the

sf-4079409

1 case docket").)

2 Under Local Rule 7-3, Mr. Coffelt was obligated to "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" "at least ***seven (7) days*** prior to filing of the motion." (Emphasis added.) Instead, Mr. Coffelt filed his motion on the same day that he e-mailed Autodesk to express his desire to depose Autodesk's counsel under Local Rule 7-8. (Hung Decl., Ex. A; ECF No. 33.) On that basis alone, the Court may deny his motion. *See* L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.").

### B. Mr. Coffelt's Motion Is Meritless

If the Court were inclined to consider the merits of Mr. Coffelt's motion, it would find that there are none. The sole purpose of Richard Hung's declaration in support of Autodesk's motion to dismiss was to declare that documents for which Autodesk seeks judicial notice are true and correct copies. (*See* ECF No. 29-1.) Mr. Hung did not make himself out to be an "expert computer programmer" or offer "testimony directed to a computer program" in his declaration, as Mr. Coffelt mistakenly contends. (*See* ECF No. 33 at 2.)

Mr. Coffelt apparently takes issue with Exhibits 31, 32, and 33 to Autodesk's Request for Judicial Notice.[1] But as Mr. Coffelt does not dispute the accuracy of any of these documents, there is nothing to be gained by deposing the attorney who declared that they were "true and correct" copies.

Exhibits 31 and 32 are copies of Github webpages containing Sony Imageworks' OSL source code. Specifically, these pages include the

---

[1] As with many of Mr. Coffelt's submissions, it is difficult to ascertain his actual positions in this motion. After identifying Exhibits 31, 32, and 33 (ECF No. 33 at 4-5), Mr. Coffelt states that "Mr. Hung's deposition is needed in order for Coffelt to show Mr. Hung's Declaration items 29, 30, 31 are inadmissible" (*id.* at 5). It is unclear whether Mr. Coffelt is challenging the Exhibits themselves or specific paragraphs from Mr. Hung's declaration.

sf-4079409

"testshade.cpp" file, which Mr. Coffelt accuses of infringement.  As Autodesk explains in its RJN, the accuracy of these webpages cannot reasonably be questioned, as Mr. Coffelt himself relies on Github as the source of the code accused of infringing his alleged copyright.  (*See* Compl. (ECF No. 1) at 3 (Table of Exhibits identifying Github as the source for at least Exhibits 105, 106, and 107 of Mr. Coffelt's Complaint).)

As for Exhibit 33, that is the excerpt from the IBM Dictionary of Computing (3d ed. 1994) for the definition of "nest."  (*See* ECF No. 30 at 7, Ex. 33.) "A dictionary is a source whose accuracy cannot reasonably be questioned and therefore courts can consult dictionaries at any stage of litigation to determine the meaning of words and phrases." *Commercial Copy Innovations, Inc. v. Ricoh Elecs., Inc.*, No. SACV 17-437-JVS (KESX), 2017 WL 7838719, at *3 (C.D. Cal. Oct. 16, 2017).

Mr. Coffelt apparently seeks the deposition of Autodesk's attorney because he has specific questions about the contents of these documents. (*See, e.g.*, ECF No. 33 at 5 (asking "[w]hat is the meaning of dot cpp at the file name extension ('testshade.cpp')," "does the book contain any definitions which are not definitions of computing").)  But deposing the attorney who declared that exhibits are "true and correct" copies, for purposes of providing them to the Court, is not the right means of obtaining that understanding. *See Hickman v. Taylor*, 329 U.S. 495, 513 (1947) (strong presumption against deposing counsel during an active litigation); *see also Chao v. Aurora Loan Servs., LLC*, No. C 10-3118 SBA (LB), 2012 U.S. Dist. LEXIS 169923, at *7-8 (N.D. Cal. Nov. 26, 2012) ("The Supreme Court . . . alluded to a presumption that trial counsel should not be forced to testify because doing so compromises the standards of the legal profession.") (quotations omitted); *Sterne Kessler Goldstein & Fox PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380–82 (D.D.C. 2011) (depositions of opposing counsel undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing

counsel's preparation, and may spawn collateral litigation on issues of privilege, scope, and relevancy). Mr. Hung did not opine or offer any declarations about the contents of those documents.

### III. CONCLUSION

Not content to harass Autodesk itself (*via* his two prior unsuccessful lawsuits) or its executives (whom he has joined in this lawsuit, without explanation), Mr. Coffelt includes Autodesk's lawyers in his shenanigans. His latest motion is procedurally and substantively meritless and should be denied.

Dated: September 19, 2019

RICHARD S.J. HUNG
BITA RAHEBI
MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
  Richard S.J. Hung

Attorneys for Defendants
AUTODESK, INC., ANDREW ANAGNOST, AND PASCAL W. DI FRONZO

sf-4079409