COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants

SONY CORPORATION OF AMERICA,
SONY PICTURES IMAGEWORKS INC.,
and LARRY GRITZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW ANAGNOST, PASCAL W. DI FRONZO, AUTODESK, INC., SONY PICTURES IMAGEWORKS INC., SONY CORPORATION OF AMERICA, and LARRY GRITZ,<br><br>　　　　　Defendants. | Case No. 8:19-cv-01351-JVS-DFM<br><br>**DEFENDANTS SONY CORPORATION OF AMERICA, SONY PICTURES IMAGEWORKS INC., AND LARRY GRITZ'S OPPOSITION TO PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING**<br><br>Date: October 21, 2019<br>Time: 1:30 p.m.<br>Courtroom: Santa Ana, 10C<br><br>Hon. James V. Selna |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S MOTION
FOR EVIDENTIARY HEARING
8:19-CV-01351-JVS-DFM

## I. INTRODUCTION

The Court should reject the unusual and unnecessary relief that plaintiff Coffelt seeks in his "Motion for Evidentiary Hearing 40 CFR § 78.14; and Request to Extend October 21, 2019 Hearing Date." ECF No. 36. In his motion, Coffelt asks the Court to hold an evidentiary hearing on the admissibility of the exhibits to defendants' requests for judicial notice (submitted with their motions to dismiss). *Id.* at 4. But an evidentiary hearing on this issue would serve no purpose and would only burden the Court and the parties with unnecessary proceedings. Alternatively, plaintiff asks the Court to extend the briefing schedule on defendants' motions to dismiss and continue the hearing date for the motions to dismiss. *Id.* But he offers no valid basis for why the briefing and hearing on defendants' motions should not proceed as scheduled. Accordingly, the Sony defendants[1] respectfully request that the Court deny Coffelt's motion in its entirety.

## II. ARGUMENT

There is simply no basis for Coffelt's request for an evidentiary hearing. Coffelt states that the defendants' requests for judicial notice "have caused both confusion and prejudice to Coffelt." *Id.* at 2. He therefore "believes an Evidentiary Hearing is an appropriate resolution to these issues of confusion and prejudice." *Id.*

Coffelt is wrong. There is no reason to burden the Court and the parties with an evidentiary hearing based on vague and conclusory claims of "confusion" and "prejudice"—particularly after Coffelt failed to appear at a previous hearing.[2] If Coffelt believes that the defendants' requests for judicial notice are somehow

---

[1] The Sony defendants are Sony Corporation of America, Sony Pictures Imageworks Inc., and Larry Gritz.

[2] The Court held a scheduling conference in this case on September 23, 2019. Coffelt did not appear. The Court subsequently set a hearing for an order to show cause "why sanctions should not be imposed against the plaintiff and/or the complaint stricken and the case dismissed for plaintiff's failure to appear this date and failure to prosecute." ECF No. 38.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

OPPOSITION TO PLAINTIFF'S MOTION
FOR EVIDENTIARY HEARING
8:19-CV-01351-JVS-DFM

inaccurate or inappropriate, he is free to voice his concerns in his opposition brief. Requests for judicial notice are routinely resolved on the pleadings, and the Court can make any necessary determination on whether the submitted materials are appropriate for judicial notice without an evidentiary hearing. *See, e.g.*, *Universal Elecs. Inc. v. Roku, Inc.*, No. SACV181580JVSADSX, 2019 WL 1877616, at *1 n.1 (C.D. Cal. Mar. 5, 2019) (Selna, J.) (resolving a dispute about a defendant's request for judicial notice without conducting a separate evidentiary hearing).

Likewise, there is no basis for Coffelt's request to extend the briefing schedule or continue the hearing date with respect to the defendants' motions to dismiss. He has a full and fair opportunity to respond to those motions, and his conclusory claim of confusion does not warrant departing from the normal scheduling for briefing and hearing motions with this Court.

### III. CONCLUSION

The Sony defendants respectfully ask the Court to deny Coffelt's motion in its entirety.

Dated: September 24, 2019    COOLEY LLP

/s/ Whitty Somvichian
Whitty Somvichian (194463)

Attorneys for Defendants

SONY CORPORATION OF AMERICA, SONY PICTURES IMAGEWORKS INC., and LARRY GRITZ

211793658

Cooley LLP
Attorneys At Law
San Francisco

2

Opposition to Plaintiff's Motion
for Evidentiary Hearing
8:19-cv-01351-JVS-DFM