1  Louis A. Coffelt, Jr.

2  General Delivery

3  6771 Warner Avenue

4  Huntington Beach, CA 92647

5  email: Louis.Coffelt@gmail.com

6  Phone: (657) 456-3112

7  *Pro Se*

8  **UNITED STATES DISTRICT COURT**

9  for the Central District of California

10 Louis A. Coffelt, Jr.,                        )

11      plaintiff,                               )       Case No.  8:19-cv-01351   JVS - DFM

12      -v-                                      )

13 Andrew Anagnost, defendant,                   )

14 Pascal W. Di Fronzo, defendant,               )       Date: October 21, 2019

15 Autodesk, Inc., defendant,                    )       Time: 1:30 p.m.

16 Sony Pictures Imageworks, defendant,   )       Courtroom: Santa Ana, 10C

17 Sony Corporation of America, defendant, )     Hon. James V. Selna

18  Larry Gritz, defendant.                      )

19 _____              )

20

21              **PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO**

22        **MOTION FOR EVIDENTIARY HEARING 40 CFR § 78.14 (Dkt. No. 40, 41)**

23

24        Plaintiff, Louis A. Coffelt, Jr. (Coffelt) submits this reply in response to defendants

25 Andrew Anagnost, Pascal W. Di Fronzo, Autodesk, Inc. (Autodesk Defendants), Opposition to

26 Motion for Evidentiary Hearing 40 CFR § 78.14  (Dkt. No. 41) filed September 26, 2019

27 (Autodesk's Opposition).

28

Coffelt submits this reply in response to defendants Sony Pictures Imageworks, Sony Corporation of America, Larry Gritz (Sony Defendants), Opposition to Motion for Evidentiary Hearing 40 CFR § 78.14 (Dkt. No. 40) filed September 24, 2019 (Sony's Opposition).

**ARGUMENT**

**I. Alleged violation of L. R. 7-3**

Autodesk Defendants allege a violation of L. R. 7-3. *See* Dkt. No. 41, p. 2.

Fed. R. Civ. P. 1 provides

> *They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.*

The court's authority to enforce L. R. 7-3 is discretionary.

Coffelt's Motion for Evidentiary Hearing Dkt. No. 36 is essentially a cross-motion to defendants Motions to Dismiss (Dkt. No. 29, 35). For this reason, the court should review the Motions to Dismiss and Coffelt's Motion for Evidentiary Hearing Dkt. No. 36 concurrently. Coffelt filed the Motion for Evidentiary Hearing Dkt. No. 36 at an earliest possible date in order to secure the speedy determination of these pending motions.

Autodesk Defendants have not alleged any prejudice caused by the alleged violation of L. R. 7-3.

Autodesk Defendants have not alleged they needed more time in order to respond to Coffelt's Motion for Evidentiary Hearing Dkt. No. 36.

For the above reasons and pursuant to Fed. R. Civ. P. 1, L. R. 7-3 should not be employed in order to only extend the duration of prejudice to Coffelt.

For the above reasons, Coffelt requests the court to find Coffelt did not violate L. R. 7-3 in filing the Motion for Evidentiary Hearing Dkt. No. 36.

**II. Issues on Motion for Evidentiary Hearing**

There are 2 pivotal issues relevant to this Motion for Evidentiary Hearing Dkt. No. 36.

**(1.)** Whether Defendants Motions to Dismiss have caused confusion to Coffelt.

**(2.)** Whether the confusion has caused prejudice to Coffelt.


**III.  Autodesk Defendants Opposition**

Autodesk Defendants have not responded to Coffelt's basis for confusion:

*There is no evidence in the record of this action of what their statement directed to "nest" is. There is no evidence in the record of this action of whether their statement directed to "nest" is a "lay statement" or "technical statement". See Dkt. No. 30, p. 7.* See Dkt. No. 36, p. 3.


Coffelt's technical capabilities neither prove or disprove whether defendants Motions to Dismiss have caused confusion to Coffelt.

Coffelt's technical capabilities do not mitigate defendant's sole responsibility to file documents in accordance with all Federal Rules of Civil Procedure.

Coffelt's personal knowledge does not mitigate defendant's sole responsibility to file documents in accordance with all Federal Rules of Civil Procedure. *See* Dkt. No. 41, p. 4, lines 9-16.


Autodesk's Opposition contains only ambiguous comments, which do not have any tendency to make the issue of Coffelt's confusion more or less probable than it would be without the comments.  *See* Dkt. No. 41, p. 3-6. For this reason, Coffelt objects to Autodesk's comments at Dkt. No. 41, p. 3-6.  Autodesk's comments at Dkt. No. 41, p. 3-6 are inadmissible pursuant to FRE 401(a).

Counsel for Autodesk Defendants Richard S. J. Hung has declared the exhibits to be **"true and correct copies of SOURCE CODE".** *[emphasis added]. See* Dkt. No. 29-1, p. 5, ¶¶ 29, 30.

## IV. Sony Defendants Opposition

Sony's Opposition Dkt. No 40 offers no evidence relevant to whether the Motions to Dismiss have caused confusion to Coffelt. Sony incorrectly alleges there is no basis for Coffelt's confusion. The evidence of Coffelt's confusion resides in defendants Motions to Dismiss Dkt. No. 29, 35. Coffelt explicitly points to this evidence of Coffelt's confusion in the Motion for Evidentiary Hearing Dkt. No. 36.

The case of *Universal Elecs. Inc. v. Roku, Inc.*, No. SACV 181580 JVS-DSX, 2019 WL 1877616, at *1 n.1 (C.D. Cal. Mar. 5, 2019) (Selna, J.) is inadmissible pursuant to FRE 401(a) because it does not have any tendency to make the issue of Coffelt's confusion more or less probable than it would be without the case. The case of *Universal Elecs. Inc.* did not allege confusion or Prejudice.

## V. Autodesk Defendants Have Caused Further Confusion

Autodesk Defendants made specific comments in the court of the Honorable Douglas F. McCormick:

> *In its motion to dismiss, Autodesk does not offer lay opinion or testimony regarding Mr. Coffelt's code. Instead, it **simply observes** that Mr. Coffelt's contention that he has copyrighted the idea of a "nested loop" (Compl. ¶¶ 34-35) violates established law. (See Autodesk's Motion to Dismiss, ECF No. 29 at 14-17.)*

**[ emphasis added ]**

*See* Dkt. No. 31, p. 2

Autodesk Defendants offer an explanation to the Honorable Douglas F. McCormick:

"***simply observes***" *See* Dkt. No. 31, p. 2,

Autodesk Defendants do Not offer this explanation "***simply observes***" to this court. These inconsistent contentions filed at Dkt No. 31, p.2 have caused further confusion to Coffelt. This additional confusion has compounded the prejudice to Coffelt. Autodesk Defendants have not had an opportunity to respond to this allegation of further confusion to Coffelt because the

further confusion was caused at the time defendants filed their Opposition Dkt. No. 41 filed September 26, 2019.

### VI. Sony Defendants Have Caused Further Confusion

On September 19, 2019, Coffelt and counsel for Sony Defendants Whitty Somvichian (Somvichian) held a telephone conference regarding this Motion for Evidentiary Hearing (Conference).

In the Conference, Mr. Somvichian indicated Sony is only seeking Judicial Notice of the existence of the U.S. patents in the Request for Judicial Notice Dkt. No. 35-2. Furthermore, Coffelt indicated to Mr. Somvichian that the court is not apprised of this intent of ("only existence").  Coffelt also indicated to Mr. Somvichian the intent of ("only existence") does not remove the confusion to Coffelt.

Now, after the Conference, Sony Defendants do Not offer this intent of only seeking Judicial Notice of ("only the existence") of the U.S. patents in Dkt. No. 35-2.

This above identified inconsistency by Sony Defendants have caused further confusion to Coffelt. Sony Defendants have offered a specific explanation to Coffelt. Next, Sony Defendants have Not offered that specific explanation to the court. Sony Defendants have not apprised the court of Sony Defendants intent to seek Judicial Notice of only the existence of the U.S. patents in Dkt. No. 35-2.

Sony Defendants have not had an opportunity to respond to this allegation of further confusion to Coffelt because the further confusion was caused at the time defendants filed their Opposition Dkt. No. 40 filed September 24, 2019.

### CONCLUSION

For the above reasons, defendants oppositions have caused further confusion to Coffelt. Defendants have not had an opportunity to respond to this issue of further confusion. For this reason, Coffelt requests oral argument for the hearing date October 21, 2019.

Coffelt -v- Anagnost et. al.,   Plaintiff's Reply to Defendants Opposition to Motion for Evidentiary Hearing    5

   For the above reasons, and those filed in Dkt. No. 36, and those to be presented at the hearing on October 21, 2019, Coffelt requests the court to grant this Motion for Evidentiary Hearing.

Date:  October 6, 2019        By: /s/   Louis A. Coffelt, Jr.

                 (*Plaintiff, Pro Se*)