1   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California  94105
    Telephone:  (415) 268-7000
4   Facsimile:   (415) 268-7522

5   BITA RAHEBI (CA SBN 209351)
    brahebi@mofo.com
6   ROSE S. LEE (CA SBN 294658)
    roselee@mofo.com
7   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
8   Los Angeles, CA  90017-3543
    Telephone:  (213) 892-5428
9   Facsimile:   (213) 892-5454

10  Attorneys for Andrew Anagnost,
    Pascal W. Di Fronzo, and Autodesk, Inc.

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15  LOUIS A. COFFELT, JR.,              Case No.:  8:19-cv-01351-JVS-DFM

16                 Plaintiff,           **DEFENDANTS ANDREW
                                        ANAGNOST, PASCAL W. DI
17        v.                            FRONZO, AND AUTODESK,
                                        INC.'S NOTICE OF MOTION
18                                      AND MOTION FOR RULE 11
                                        SANCTIONS**
19
    ANDREW ANAGNOST, PASCAL W.          Date:  November 25, 2019
20  DI FRONZO, AUTODESK, INC.,          Time:  1:30 p.m.
    SONY PICTURES IMAGEWORKS,           Courtroom:  Santa Ana, 10C
21  SONY CORPORATION OF
    AMERICA, LARRY GRITZ,               Hon. James V. Selna
22
                   Defendants.
23

24

25

26

27

28

la-1425782

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................... 1

II.  BACKGROUND ..................................................................................... 2

    A.   Mr. Coffelt's Dismissed Patent Suit and Invalidated Patent ............... 2

    B.   Mr. Coffelt's Prior Copyright Suit ...................................................... 3

        1.   His Original Complaint ................................................................ 3

        2.   The Court's Dismissal of Mr. Coffelt's Original Copyright Complaint ............................................................... 4

        3.   The First and Second Amended Complaints ............................... 4

        4.   Mr. Coffelt's Violations of Discovery Rules and Orders .......... 4

        5.   The Court's Dismissal with Prejudice ........................................ 5

        6.   Mr. Coffelt's Appeal to the Ninth Circuit, and Judge Olguin's Threat to Revoke His ECF Privileges ........................ 6

    C.   The Present Copyright Infringement Suit ............................................ 7

    D.   Autodesk's Letters to Mr. Coffelt ....................................................... 7

III.  Legal Standard ...................................................................................... 8

IV.  Argument ............................................................................................... 9

    A.   Mr. Coffelt's Claims Are Not Warranted by Existing Law ............... 10

    Mr. Coffelt's Complaint is not warranted by existing law for two reasons: (1) it is barred by res judicata; and (2) like his previous complaint, Mr. Coffelt's copyright infringement allegations seek to protect an uncopyrightable idea ..................................................... 10

        1.   Res Judicata Bars This Lawsuit ............................................... 10

        2.   Mr. Coffelt Knows that Res Judicata Bars This Lawsuit ........ 11

        3.   Mr. Coffelt's Copyright Infringement Allegations Seek to Protect an Unprotectable Idea .............................................. 12

    B.   Mr. Coffelt's Factual Allegations Lack Evidentiary Support ............. 13

    C.   The Court Should Impose Both Monetary and Nonmonetary Sanctions on Mr. Coffelt ................................................................... 14

        1.   Mr. Coffelt Ignored Rule 11's Safe Harbor ............................ 14

        2.   $2,000 Penalty into Court ......................................................... 15

        3.   Pre-Filing Order Requiring Approval of Court Prior to Any New Filings .................................................................... 16

            a.   Notice and opportunity to be heard ................................ 16

**TABLE OF CONTENTS**
**(continued)**

Page

b.   Adequate record for review ............................................ 17

c.   Substantive findings of Mr. Coffelt's frivolous
     litigation history ............................................................ 17

d.   Narrowly-tailored pre-filing restriction......................... 19

V.   CONCLUSION ............................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Dykema Gossett, LLP, et al.*,
No. 2:16-cv-8434-GW-JEM, ECF No. 236 (C.D. Cal. Aug. 14,
2017)...............................................................................................9, 17, 19

*Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*,
803 F.3d 1032 (9th Cir. 2015)............................................................. 12

*Boustred v. Gov't*,
2008 WL 4287570 (N.D. Cal. Sept. 17, 2008)..................................... 17

*Buster v. Greisen*,
104 F.3d 1186 (9th Cir. 1997).............................................................. 12

*Chambers v. Nasco, Inc.*,
501 US 32 (1991) ...................................................................................9

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002)................................................................8

*Coffelt v. Autodesk, Inc.*,
No. 5:17-cv-1684-FMO (C.D. Cal. Aug. 21, 2017).....................*passim*

*Coffelt v. Autodesk*,
No. 18-56305 (9th Cir. 2018) ............................................................ 6, 7

*Coffelt v. Baker*,
No. 5:13-cv-568-RGK-AS (C.D. Cal. Mar. 7, 2013)........................... 15

*Coffelt v. Cal. Dep't of Corrections*,
No. 5:12-cv-37-RGK-MRW (C.D. Cal. Oct. 2, 2012)................... 11, 15

*Coffelt v. California Department of Corrections and Rehabilitation, et al.*,
No. 5:13-cv-902-RGK-MR ................................................................. 15

*Coffelt v. Nvidia*,
680 F. App'x 1010 (Fed. Cir. 2017) (unpublished) ...............................3

**TABLE OF AUTHORITIES**
(continued)

Page

*Coffelt v. Nvidia Corp.*,
137 S. Ct. 2143 (2017) ................................................................... 3

*Coffelt v. Nvidia Corp.*,
No. 5:16-cv-457-SJO (C.D. Cal. Mar. 14, 2016) ................................. 2

*Coffelt v. Nvidia*,
No. CV 16-457 SJO, 2016 U.S. Dist. LEXIS 185157 (C.D. Cal.
June 21, 2016) ................................................................................ 2

*Coffelt v. U.S. District Court for the Central District of California,
Riverside, et al.*,
No. 18-73235 (9th Cir. Mar. 13, 2019) ............................................. 6

*Damiani v. Adams*,
657 F. Supp. 1409 (S.D. Cal. 1987) ................................................ 12

*De Long v. Hennessey*,
912 F.2d 1144 (9th Cir. 1990) ................................................. 16, 19

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991) ..................................................................... 13

*Havensight Capital, LLC v. Facebook, Inc.*,
No. CV 17-6727-FMO, 2018 WL 6340757 (C.D. Cal. Sept. 24,
2018) ........................................................................................ 17

*Herships v. Maher*,
1998 WL 164943 (N.D. Cal. Mar. 10, 1998) .................................. 14

*Islamic Shura Council of Southern California v. F.B.I.*,
757 F.3d 870 (9th Cir. 2014) ........................................................... 9

*In re Kunstler*,
914 F.2d 505 (4th Cir. 1990) ....................................................... 14

*Mitchel v. City of Santa Rosa*,
601 F. App'x 466 (9th Cir. 2015) ................................................. 12

*Molski v. Evergreen Dynasty Corp.*,
500 F.3d 1047 (9th Cir. 2007) ................................................. 16, 17

**TABLE OF AUTHORITIES**
(continued)

Page

*Rivera v. E. Bay Mun. Util. Dist.*,
 No. C 15-00380 SBA, 2015 WL 6954988 (N.D. Cal. Nov. 10,
 2015) ........................................................................................................ 9

*Stewart v. U.S. Bancorp.*,
 297 F.3d 953 (9th Cir. 2002) ................................................................. 10

*Three Boys Music Corp. v. Bolton*,
 212 F.3d 477 (9th Cir. 2000) ................................................................. 13

*Townsend v. Holman Consulting Corp.*,
 929 F.2d 1358 (9th Cir. 1990) ................................................................. 8

*Truesdell v. S. Cal. Permanente Med. Grp.*,
 209 F.R.D. 169 (C.D. Cal. 2002) ........................................................... 14

*Warren v. Guelker*,
 29 F.3d 1386 (9th Cir. 1994) ................................................................... 8

*Windsor v. Boushie*,
 677 F. App'x 311 (9th Cir. 2017) .......................................................... 17

*Zaldiver v. City of L.A.*,
 780 F.2d 823 (9th Cir. 1986) ................................................................... 8

**Statutes & Other Authorities**

17 U.S.C. § 102 ............................................................................................ 12

35 U.S.C. § 101 .............................................................................................. 2

Fed. R. Civ. P.
 Rule 11 ............................................................................................*passim*

 Rule 12(b)(6) .......................................................................................... 2

 Rule 26(f) ....................................................................................... 5, 18

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 25, 2019 at 1:30 p.m., or as soon as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California, located at 411 West 4th Street, Room 1053, Santa Ana, CA 92701-4516, Defendants Andrew Anagnost, Pascal W. Di Fronzo, and Autodesk, Inc. (collectively, "Autodesk") move for an order imposing Federal Rule 11(c)(2) sanctions against Plaintiff Louis A. Coffelt for filing and maintaining the Complaint in this action on the following grounds:

1. In violation of Rule 11(b)(1), the Complaint (Mr. Coffelt's third against Autodesk) is being presented to harass Autodesk and its executives;

2. In violation of Rule 11(b)(2), the claims and legal contentions asserted in the Complaint are not warranted by existing law and are frivolous; and

3. In violation of Rule 11(b)(3), the factual contentions alleged in the Complaint lack evidentiary support.

Autodesk bases this Motion on this Notice of Motion, its Memorandum of Points and Authorities, the declaration of Richard S.J. Hung in Support of Autodesk's Motion for Rule 11 Sanctions ("Hung Decl.") and attached exhibits, pleadings, records, files in this action, and all other written or oral arguments or evidence the parties may present to the Court relating to this motion.

Autodesk requests that the Court:  (1) order Mr. Coffelt to pay a $2,000 penalty into court; and (2) enjoin him from filing any civil action against Autodesk, its executives, or its subsidiaries and their executives, based upon any of the legal and/or factual claims alleged by Mr. Coffelt in the instant action, or any of his prior actions against Autodesk, without first obtaining certification from this Court that his claims are not frivolous or asserted for an improper purpose.

1

1    This motion is made following the attempted conference of counsel for
2    Autodesk and *pro se* Plaintiff Mr. Coffelt, pursuant to L.R. 7-3, which Mr. Coffelt
3    ultimately declined.  Counsel for Autodesk served Mr. Coffelt with this Rule 11
4    motion on September 27, 2019, and requested a conference to discuss the motion.
5    The parties originally scheduled a conference on October 7, 2019 following the
6    rescheduled case management conference.  (*See* Hung Decl., Ex. 8.)  On October 7,
7    2019, however, Mr. Coffelt wrote:  "After further review of your request for a
8    conference in this email string, Coffelt declines to conduct a conference on your
9    proposed motion. Coffelt declines the conference because it will cause further
10   confusion on the presently pending motions on October 21, 2019."  (*Id.*)

la-1425782

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3        Mr. Coffelt knows well that his latest *pro se* lawsuit—his seventh since 2012,

4  and his third against Autodesk—is frivolous and violates Rule 11.

5        In 2016, Judge Otero dismissed Mr. Coffelt's first lawsuit (a patent case)

6  against Autodesk as involving an invalid patent.  In 2018, Judge Olguin dismissed

7  Mr. Coffelt's second lawsuit (the same patent case, only restyled as a copyright

8  suit) against Autodesk as involving an unprotectable idea.  Undeterred, Mr. Coffelt

9  now has filed this third lawsuit (yet another copyright case) against Autodesk, its

10  CEO, and its General Counsel.

11        If Mr. Coffelt's past failures are insufficient proof that his claims are not

12  viable, even a cursory examination of his latest allegations makes this plain.  His

13  current theory is that Autodesk's former CEO took Mr. Coffelt's source code from

14  cease-and-desist letters and gave it to Sony Pictures Imageworks ("Sony"), which

15  in turn copied it into its Open Shading Language ("OSL").  This theory is no more

16  plausible than Mr. Coffelt's last failed theory—that parole agents "forcefully"

17  removed his source code from his computer and gave it to Autodesk.

18        Mr. Coffelt knows that his "access" and "copying" allegations are fanciful, as

19  he offers zero evidence to support them.  Even worse, Mr. Coffelt knows that they

20  would not state a claim even if true.  What he alleges Sony copied *this* time—the

21  use of "nested loops"—is merely an idea.  But as Judge Olguin previously and

22  repeatedly explained to Mr. Coffelt in his last unsuccessful lawsuit, "[c]opyright

23  protects the tangible expression of an idea, not the idea itself."  (Request for

24  Judicial Notice ("RJN"), ECF No. 30, Ex. 25 at 7.)

25        So why does Mr. Coffelt persist with these "highly implausible," "meritless,"

26  and "frivolous" copyright infringement claims?  (RJN, Ex. 26 at 2.)  It is because he

27  hopes that his continued harassment of Autodesk, its executives, its attorneys, and

28  the judiciary will score him a windfall.

la-1425782

1    In his last lawsuit, he sought $33 billion in damages, served 348 discovery

2   requests (just during the pleading stage), and petitioned for mandamus demanding

3   that Judge Olguin explain himself.  In this lawsuit, Mr. Coffelt seeks $79.5 million

4   in damages, has named two Autodesk executives as defendants in their personal

5   capacities (and threatens to name more), and has already moved to depose

6   Autodesk's counsel and for an evidentiary hearing on what a "dictionary" is.

7    This serial harassment must stop.  Autodesk has spent hundreds of thousands

8   of dollars defending against claims that Judge Olguin and the Ninth Circuit

9   repeatedly characterized as "frivolous."  Mr. Coffelt knows that his latest claims are

10  no different:  frivolous, not warranted by existing law, and lacking evidentiary

11  support.  To put an end to Mr. Coffelt's vexatiousness and discourage him from

12  further frivolous filings, Autodesk asks that the Court:  (1) order him to pay a

13  $2,000 penalty into court; and (2) enjoin him from suing Autodesk, its executives,

14  or its subsidiaries and their executives based on the same legal and factual claims in

15  his current or prior actions against Autodesk without prior leave from the Court.

16  **II.    BACKGROUND**

17   Mr. Coffelt's seven prior *pro se* lawsuits in this District since 2012 are

18  detailed in Autodesk's September 6, 2019 Motion to Dismiss (ECF No. 29).  (*See*

19  RJN, ECF No. 30, Exs. 1-10, 34-35 (Mr. Coffelt's complaints against CDC and his

20  parole officers and related court orders).)  Autodesk briefly recounts just his three

21  lawsuits against Autodesk below.

22   **A.    Mr. Coffelt's Dismissed Patent Suit and Invalidated Patent**

23   Mr. Coffelt previously sued Autodesk and others for alleged patent

24  infringement.  *See Coffelt v. Nvidia Corp.*, No. 5:16-cv-457-SJO (C.D. Cal. Mar.

25  14, 2016) (RJN, ECF No. 30, Exs. 11 & 12).  Judge Otero dismissed the lawsuit

26  under Rule 12(b)(6) because Mr. Coffelt's patent was directed to unpatentable

27  subject matter under 35 U.S.C. § 101.  *Coffelt v. Nvidia*, No. CV 16-457 SJO

28  (KKx), 2016 U.S. Dist. LEXIS 185157 (C.D. Cal. June 21, 2016) (RJN, Ex. 13).

la-1425782

The Federal Circuit affirmed, *Coffelt v. Nvidia*, 680 F. App'x 1010 (Fed. Cir. 2017) (unpublished) (RJN, Ex. 14), and the Supreme Court denied certiorari, *Coffelt v. Nvidia Corp.*, 137 S. Ct. 2143 (2017) (RJN, Ex. 15).

**B.      Mr. Coffelt's Prior Copyright Suit**

**1.      His Original Complaint**

Almost immediately after the Federal Circuit's March 15, 2017 decision in his patent suit, Mr. Coffelt sued Autodesk again—this time alleging copyright infringement and seeking $33 billion in damages.  *Coffelt v. Autodesk, Inc.*, No. 5:17-cv-1684-FMO (C.D. Cal. Aug. 21, 2017) ("*Copyright Suit I*") (RJN, Exs. 16, 17, & 18).  His suit essentially rehashed his unsuccessful patent case, only under the guise of a copyright case.  (*Compare* RJN, Ex. 16 (*Copyright Suit I* Compl.) *with* RJN, Ex. 11 (Patent Compl.).)

As in his patent suit, Mr. Coffelt's copyright allegations were premised on a user's ability to create images with realistic shadows using Autodesk's software. (*Compare* RJN, Ex. 16, ¶¶ 20, 41-42 (referring to "photorealistic digital images", "photorealistic image[s]" and "photorealistic shadows") *with* RJN, Ex. 11, ¶¶ 11, 22, 24, 26, 28-31, 33, 36, 41-45, 51-54, 59, 63 (referring to "high resolution realistic complex 3D shadows" and "realistic 3D shadows").)

Mr. Coffelt alleged that, after his incarceration and during his parole, CDC officials "forcefully took" copies of his copyrighted works—which Autodesk then obtained due to its "significant relationship" with the CDC.  (RJN, Ex. 16 (*Copyright Suit I* Compl.), ¶¶ 22-23, 78-80.)

With respect to Sony, Mr. Coffelt alleged that "Sony Imageworks ha[d] access to Coffelt's copyrighted work through Coffelt's U.S. [P]atent No. 8,614,710 publication."  (*Id.* ¶ 34.)  Mr. Coffelt made no other allegations regarding Sony's access to his copyrighted work.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.    The Court's Dismissal of Mr. Coffelt's Original Copyright Complaint

On November 21, 2017, Judge Olguin dismissed Mr. Coffelt's original copyright complaint.  (RJN, Ex. 19.)  Although allowing Mr. Coffelt leave to amend, the court advised him to "carefully evaluate the contentions set forth in defendant's Motion."  (*Id.* at 2.)  Judge Olguin noted his "skeptic[ism] that plaintiff has sufficiently alleged facts to support his claim for copyright infringement."  (*Id.*)  This was because Mr. Coffelt needed to "allege facts regarding the copying of his copyrighted works, not simply the ideas underlying his copyrighted works."  (*Id.*)

### 3.    The First and Second Amended Complaints

Mr. Coffelt served a First Amended Complaint on November 30, 2017.  (RJN, Ex. 20.)  Less than three weeks later, Mr. Coffelt moved for leave to file a Second Amended Complaint ("SAC"), which the court granted.  (*Copyright Suit I*, ECF Nos. 32 & 34.)

The SAC essentially copied all of the allegations from the original complaint, but added several causes of action and identified additional copyrighted works.  (*See* RJN, Exs. 21, 22, & 23.)  One of these additional works was entitled, "CAD Reflective Intensity," and bore Registration No. TXu002049564 ("Gradient Work"), which Mr. Coffelt alleged Autodesk infringed by using Sony's OSL in Autodesk's products.  (*See* RJN, Ex. 21 ¶¶ 20-22, 25-26, 67-72, 81-96, 118, 128, 138.)  This is the same copyrighted work at issue in this action.  Autodesk moved to dismiss Mr. Coffelt's SAC on January 24, 2018.  (*Copyright Suit I*, ECF No. 39.)

### 4.    Mr. Coffelt's Violations of Discovery Rules and Orders

Along with Autodesk's motion to dismiss the SAC, Autodesk moved to stay discovery pending the court's decision on Autodesk's motion to dismiss.  (*Copyright Suit I*, ECF No. 40.)  Mr. Coffelt had served or attempted to serve 348 discovery requests on Autodesk, including ones before the parties held their

1   Rule 26(f) conference.  (*Id.* at 4.)  Judge Olguin agreed that these requests were

2   harassing and stayed discovery.  (RJN, Ex. 24.)

3       In violation of that order, however, Mr. Coffelt "proceeded to file a series of

4   motions concerning discovery-related matters and alleging discovery-related

5   misconduct."  (RJN, Ex. 28.)  These included motions to (i) to exclude evidence

6   (*Copyright Suit I*, ECF Nos. 50, 51, 54, and 55) and (ii) to stay resolution of

7   Autodesk's motion to dismiss (*id.*, ECF Nos. 56, 60).

8       Autodesk thus applied *ex parte* for an order preventing Mr. Coffelt from

9   filing future motions.  (*Id.*, ECF No. 57.)  In granting Autodesk's application,

10  Judge Olguin emphasized that even "*[p]ro se* litigants such as plaintiff are not

11  exempt from complying with court orders, the requirements of the Federal Rules of

12  Civil Procedure or a judicial district's local rules."  (RJN, Ex. 24 at 1 (citing *Carey*

13  *v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988)).

14          **5.      The Court's Dismissal with Prejudice**

15      Judge Olguin granted Autodesk's motion to dismiss the SAC, with prejudice,

16  on September 30, 2018.  (RJN, Ex. 25.)  The court observed that Mr. Coffelt's

17  allegation that Autodesk had accessed his copyrighted works *via* its "significant

18  relationship" with the CDC was implausible.  (*Id.* at 5-7 ("Access cannot

19  reasonably be inferred from implausible and conclusory allegations of a 'significant

20  relationship' between two entities engaged in wholly divergent activities.").)

21      Judge Olguin further explained that "the SAC and its attached exhibits allege

22  nothing more than substantial similarity between OSL and plaintiff's formerly

23  patented <u>idea</u> of using ray tracing and vector algorithms in a particular way to

24  generate realistic 3D shadow graphics."  (*Id.* at 8 (emphasis in original).)

25  Judge Olguin concluded, "[i]n short, . . . that plaintiff ha[d] not plausibly alleged

26  unlawful copying where the only 'facts' pertaining to 'copying' concern

27  unprotectable elements of the work."  (*Id.*)

28

### 6.     Mr. Coffelt's Appeal to the Ninth Circuit, and Judge Olguin's Threat to Revoke His ECF Privileges

Mr. Coffelt appealed Judge Olguin's dismissal to the Ninth Circuit and concurrently sought leave to proceed *in forma pauperis*.  (*Id.*, ECF Nos. 72 & 73.)  Judge Olguin denied the requested leave, certifying that the appeal was not brought in good faith.  (RJN, Ex. 26.)  Judge Olguin explained that Mr. Coffelt's appeal was "frivolous and 'wholly without merit'" and "a continuation of his efforts to impermissibly impose patent liability on copyright claims that, notably, were highly implausible."  (*Id.* at 2.)

Undaunted, Mr. Coffelt filed two separate motions to amend the final judgment (*Copyright Suit I*, ECF Nos. 76 & 77), both of which the court denied (RJN, Ex. 27).  Mr. Coffelt's continuous stream of filings prompted the court to warn him to stop filing additional documents while his appeal was pending—or risk revocation of his electronic filing privileges.  (RJN, Ex. 28.)  In doing so, Judge Olguin observed that Mr. Coffelt had used "his electronic filing privileges to file a number of inappropriate documents onto the case docket."  (*Id.* at 1.)

On October 25, 2018 and April 9, 2019, the Ninth Circuit ordered Mr. Coffelt to dismiss his appeal or explain why his appeal was not frivolous and should proceed.  *Coffelt v. Autodesk*, No. 18-56305, ECF Nos. 6-1 & 11-1 (9th Cir. 2018).  Mr. Coffelt responded by repeating his unsuccessful arguments in his motions to amend the judgment before the district court.  (*Compare* 9th Cir. ECF Nos. 7 & 12 *with Copyright Suit I*, ECF Nos. 76 & 77.)

Mr. Coffelt also petitioned for a writ of mandamus from the Ninth Circuit on November 27, 2018.  Besides repeating arguments from his earlier motions, Mr. Coffelt demanded that Judge Olguin elaborate on his reasons for denying Mr. Coffelt's motions to amend the judgment.  (*See Copyright Suit I*, ECF No. 85.)

The Ninth Circuit denied mandamus on March 13, 2019.  *Coffelt v. U.S. District Court for the Central District of California, Riverside, et al.*, No. 18-73235,

6

Order, ECF No. 4-1 (9th Cir. Mar. 13, 2019) (RJN, Ex. 29).  On May 29, 2019, the appellate court then dismissed his appeal as "frivolous."  *Coffelt v. Autodesk*, No. 18-56305, ECF No. 14 (9th Cir. May 29, 2019) (RJN, Ex. 30).

### C.    The Present Copyright Infringement Suit

Mr. Coffelt filed this action just six weeks after the Ninth Circuit dismissed his last copyright suit.  Mr. Coffelt alleges that Autodesk, its current CEO Andrew Anagnost, and its General Counsel Pascal Di Fronzo, infringe his copyrighted "Gradient Work" by using Sony's OSL program in Autodesk's products.  (*See* ECF No. 1, ¶¶ 81-91 (Fourth Cause of Action), ¶¶ 92-102 (Fifth Cause of Action).)  These are the precise allegations that Mr. Coffelt made in his prior copyright suit, only now directed at additional defendants.  (*See* RJN, Ex. 21 (*Copyright Suit I* SAC), ¶¶ 20-22, 25-26, 67-72, 81-96, 118, 128, 138.)

To try to overcome the implausibility of his "access" theory in his prior lawsuit, Mr. Coffelt has abandoned his argument that CDC agents "forcefully took" copies of his copyright works while he was on parole and gave them to Autodesk. Instead, Mr. Coffelt newly alleges that Autodesk obtained access of his "Gradient Work" through cease-and-desist letters that he sent to Autodesk's former CEO. (Compl. ¶ 24.)  He further alleges that unidentified Autodesk employees provided the "Gradient Work" to unidentified Sony employees and Larry Gritz (*id.* ¶ 38), and that Sony and Mr. Gritz then "copied Coffelt's arrangement of Coffelt's Gradient Work in their OSL program" (*id.* ¶ 33).

### D.    Autodesk's Letters to Mr. Coffelt

After the Ninth Circuit dismissed Mr. Coffelt's appeal of his last copyright suit as frivolous, Mr. Coffelt wrote Autodesk on June 7, 2019 indicating that he was "preparing a new copyright infringement complaint."  (Hung Decl., Ex. 1.)  In response, Autodesk sent Mr. Coffelt a letter on June 27, 2019 discouraging him from filing his new suit.  (*Id.*, Ex. 2.)  Autodesk expressed that any such lawsuit would be frivolous, meritless, and vexatious.  (*Id.* at 1.)  Rather than heed

1   Autodesk's warnings, Mr. Coffelt sent a "Demand to Not Publish Defamatory

2   Statements, Re: Louis Coffelt" on July 1 and July 3, 2019 to Autodesk and its

3   executives, and threatened to sue for libel.  (Hung Decl., Exs. 3 & 4.)  He then

4   proceeded to file this action a week later on July 10, 2019.  (*See* ECF No. 1.)

5         On August 26, 2019, Autodesk sent another letter to Mr. Coffelt setting forth

6   the bases for its motion to dismiss and Rule 11 motion, and urging Mr. Coffelt to

7   dismiss this action.  (Hung Decl., Ex. 5.)  Mr. Coffelt responded that he believed it

8   was "unnecessary to reply" to Autodesk's letter.  (Hung Decl., Ex. 6.)

9         Autodesk served this Rule 11 motion on Mr. Coffelt on September 27, 2019.

10  (Hung Decl. ¶ 9.)

11  ### III.   LEGAL STANDARD

12        "One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims,

13  defenses or motions and to deter costly meritless maneuvers, . . . . [thereby]

14  avoid[ing] delay and unnecessary expense in litigation.'"  *Christian v. Mattel, Inc.*,

15  286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted).  Rule 11 applies even in the

16  absence of subjective bad faith.  *See Zaldiver v. City of L.A.,* 780 F.2d 823, 831 (9th

17  Cir. 1986).

18        "Rule 11 provides for the imposition of sanctions when a [claim] is frivolous,

19  legally unreasonable, or without factual foundation, or is brought for an improper

20  purpose."  *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (citing *Conn v.*

21  *Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992); *Operating Pension Trust v. A–C*

22  *Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).   A filing is frivolous if it is "both

23  baseless and made without a reasonable and competent inquiry."  *Townsend v.*

24  *Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).  When a complaint

25  is the subject of a Rule 11 motion there is a two-prong inquiry "(1) whether the

26  complaint is legally or factually 'baseless' from an objective perspective, and (2) if

27  the [individual] conducted a 'reasonable and competent inquiry' before signing and

28  filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).  Both

prongs are an objective standard of "reasonableness"—Rule 11 does not require that the complaint be filed in bad faith or that the individual know that it is baseless. *Chambers v. Nasco, Inc.*, 501 US 32, 47 (1991). There is no "'empty-head pure-heart' justification for patently frivolous arguments." Fed. R. Civ. P. 11, Advisory Notes 1993 Amendment.

When a court determines that a Rule 11 violation has occurred, it "has broad discretion with regard to the type and amount of sanctions to be imposed." *Rivera v. E. Bay Mun. Util. Dist.*, No. C 15-00380 SBA, 2015 WL 6954988, at *9 (N.D. Cal. Nov. 10, 2015) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)). The sanction imposed, however, should "deter repetition of the conduct or comparable conduct . . . [and] may include nonmonetary directives." Fed. R. Civ. P. 11(c)(4). Under Rule 11, an appropriate sanction for filing frivolous litigation include injunctive sanctions to prevent the filing of future duplicative lawsuits. *See* Manual of Complex Litigation, Fourth, Federal Judicial Center 2004, at 19; *see also Baker v. Dykema Gossett, LLP, et al.*, No. 2:16-cv-8434-GW-JEM, ECF No. 236, at 7 (C.D. Cal. Aug. 14, 2017); *aff'd* 2019 WL 4055188 (9th Cir. Aug. 28, 2019) (imposing pre-filing order under Rule 11 requiring plaintiff to seek approval prior to any new filings against defendant).

A party moving for Rule 11 sanctions must serve the motion for sanctions on the offending party 21 days before filing the motion with the court to allow that party an opportunity to withdraw the pleading that is the subject of the motion. *See Islamic Shura Council of Southern California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (citing Fed. R. Civ. P. 11(c)(2)).

## IV. ARGUMENT

Mr. Coffelt should be sanctioned under Rule 11 for knowingly filing a frivolous complaint. Mr. Coffelt knows that his claims lack merit, as he has already lost twice on them and Judge Olguin characterized them as "frivolous," "meritless,"

and "highly implausible."  Mr. Coffelt knows that he cannot seek to protect and uncopyrightable idea, as both Autodesk and Judge Olguin have explained this to him repeatedly.  And Mr. Coffelt knows that his "access" and "copying" allegations lack evidentiary support, as he offers not a shred of evidence to support them.

### A.   Mr. Coffelt's Claims Are Not Warranted by Existing Law

Mr. Coffelt's Complaint is not warranted by existing law for two reasons: (1) it is barred by *res judicata*; and (2) like his previous complaint, Mr. Coffelt's copyright infringement allegations seek to protect an uncopyrightable idea.  Any reasonable person after conducting even the most minimal of pre-filing inquiry would have recognized that the Complaint is frivolous.  Indeed, even if it was relevant, Mr. Coffelt cannot claim solace from an "empty-head pure heart" defense as he is intimately familiar with the numerous orders by both this court and the Ninth Circuit telling him that his copyright claim is frivolous.

### 1.   *Res Judicata* Bars This Lawsuit

Mr. Coffelt's complaint is legally baseless because it is barred by *res judicata*.  *Res judicata* prohibits a successive lawsuit based on "'any claims that were raised *or could have been raised*' in a prior action."  *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (citation omitted).  The doctrine applies where there is "(1) an identity of claims"; (2) a final judgment on the merits; and (3) identity or privity between parties."  *Id.*

As Autodesk has explained in its motion to dismiss (ECF No. 29), *res judicata* clearly bars Mr. Coffelt's attempt to relitigate his prior two suits against Autodesk as a matter of law.  Just as in his first copyright suit against Autodesk, Mr. Coffelt alleges that Autodesk infringes Mr. Coffelt's "Gradient Work" by using Sony's OSL in its products.  (*Compare* Compl. ¶¶ 38-43 *with* RJN, Ex. 21 (*Copyright Suit I* SAC), ¶¶ 20-22, 25-26, 67-72, 81-96, 118, 128, 138.)  Mr. Coffelt asserts infringement of the same copyrighted work (Registration No. TXu 002049564) by the same accused product (OSL).  The only differences are:  (1) he

10

1   has revised his access theory, which Judge Olguin previously found to be

2   implausible; and (2) he points to different lines of OSL code that allegedly infringe.

3   But Mr. Coffelt could have raised all of these allegations in his prior suit. (*See* ECF

4   No. 29 at 12-13 (explaining that his access theory is based on April and June 2017

5   cease-and-desist letters, well before he filed *Copyright Suit I*, and that portions of

6   OSL that he identifies as infringing were part of OSL before he amended his

7   complaint in *Copyright Suit I* to allege infringement of his Gradient Work).

8       There also is no dispute that Mr. Coffelt's prior lawsuit resulted in a final

9   judgment on the merits (RJN, Ex. 25), and that there is privity between parties

10  (*compare Copyright Suit I* (Coffelt's suit against Autodesk) with Compl. (Coffelt's

11  suit against Autodesk and two Autodesk executives).) Nor could any reasonable

12  person deem Mr. Coffelt's claims not identical (*i.e.*, infringement of the same

13  copyrighted work by the same accused product).

14          **2.      Mr. Coffelt Knows that *Res Judicata* Bars This Lawsuit**

15      Mr. Coffelt is undoubtedly familiar with the principle of *res judicata* from

16  his prior lawsuits. *See, e.g. Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-37-

17  RGK-MRW, Report and Recommendation of United States Magistrate Judge

18  ("R&R"), ECF. No. 51 at 8-9 (C.D. Cal. Oct. 2, 2012) (RJN, Ex. 4) (dismissing

19  Mr. Coffelt's claim on the basis of *res judicata*); RJN, Ex. 5 (order Accepting

20  R&R). Indeed, to try to circumvent *res judicata*, Mr. Coffelt declares that it does

21  not apply because his Complaint "is based on facts which occurred after

22  November 13, 2018." (Compl. ¶ 13.) Yet the very next paragraph of his Complaint

23  alleges facts regarding April and June 2017 cease-and-desist letters, which occurred

24  while his lawsuit was pending and which now serve as the entire basis for his

25  access theory. (*See id.* ¶ 14.)

26      Had Mr. Coffelt stopped to think about his own factual allegations and done

27  a basic analysis under existing law, he would have known that his current claims

28  are barred by *res judicata* and violate Rule 11(b)(2). He has no excuse for not

1   doing this, as Autodesk and Judge Olguin repeatedly encouraged him to re-consider

2   his allegations, and Rule 11 itself requires this.  *See* Fed. R. Civ. P. 11 Advisory

3   Committee's Notes on 1993 Amendment ("The rule continues to require litigants to

4   'stop-and-think' before initially making legal or factual contentions.").  Nor is his

5   *pro se* status an excuse.  *See id.* ("These subdivisions restate the provisions

6   requiring attorneys ***and pro se litigants*** to conduct a reasonable inquiry into the law

7   and facts before signing pleadings, written motions, and other documents, and

8   prescribing sanctions for violation of these obligations.") (emphasis added).

9       Courts routinely impose Rule 11 sanctions where, as here, a reasonable

10  investigation would show that a claim is barred by *res judicata* or collateral

11  estoppel.  *See, e.g., Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)

12  (affirming sanctions award where action was barred by *res judicata* and collateral

13  estoppel); *Mitchel v. City of Santa Rosa*, 601 F. App'x 466, 468 (9th Cir. 2015)

14  (affirming sanctions for "attempt[ing] to re-litigate, without modification,

15  contentions previously dismissed by the district court as lacking legal merit");

16  *Damiani v. Adams*, 657 F. Supp. 1409, 1418 (S.D. Cal. 1987) (imposing sanctions

17  based on legal arguments that were "frivolous on their face" because the arguments

18  were "already aired, and rejected, in numerous other lawsuits").

### 3.  Mr. Coffelt's Copyright Infringement Allegations Seek to Protect an Unprotectable Idea

19
20

21      Mr. Coffelt's infringement claim also is not warranted by existing copyright

22  law.  Like Mr. Coffelt's infringement allegations in his prior case, his allegations

23  here are again directed to an ***idea*** contained within his copyrighted work—

24  specifically, OSL's use of "2 sets of nested loops."  (Compl. ¶ 34; ECF No. 29 at

25  14-16 (showing there is no similarity in the expression of nested loops in OSL and

26  Mr. Coffelt's code).)  But copyright law does not protect ideas themselves, only the

27  ***expression*** of ideas.  17 U.S.C. § 102; *see also Bikram's Yoga College of India,*

28  *L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037-38 (9th Cir. 2015).

Mr. Coffelt is well aware of what copyright law protects, as both Autodesk and Judge Olguin explained this to him repeatedly.  But rather than heed the basic expression/idea dichotomy underlying copyright law, Mr. Coffelt filed his current Complaint based on Autodesk's alleged infringement of an idea.  Mr. Coffelt's repetitive assertion of a claim that both Judge Olguin and the Ninth Circuit have already deemed frivolous violates Rule 11(b)(2).

## B.   Mr. Coffelt's Factual Allegations Lack Evidentiary Support

Copyright infringement requires access to and copying of the copyrighted work.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Here, Mr. Coffelt's allegations are facially implausible, lack any factual foundation, and contradict allegations in his last copyright suit.

Abandoning his prior theory that CDC officials "forcefully took" copies of his copyrighted work while he was on parole, Mr. Coffelt now alleges that Autodesk obtained access to his "Gradient Work" through his April and June 2017 cease-and-desist letters (Compl. ¶¶ 24, 25), and in turn, provided his "Gradient Work" to Sony (*id.* ¶ 33).  Sony then allegedly "copied Coffelt's arrangement of Coffelt's Gradient Work in their OSL program."  (*Id.* ¶ 38.)

These allegations are false and constitute rank speculation.  Mr. Coffelt neither substantiates nor explains why Autodesk would have given the source code attached to his cease-and-desist letters to Sony, or why Sony would have incorporated lines of his "Gradient Work" into OSL.  In fact, his current allegations regarding Sony's access contradict those in his prior copyright suit.  There, he alleged that Sony had access to Mr. Coffelt's copyrighted work through his February 2013 patent publication, not through cease-and-desist letters from Autodesk.  (RJN, Ex. 21, ¶ 34.)  A cursory examination of the allegedly copied portions of Mr. Coffelt's "Gradient Work" also reveals no similarities with the cited portions of OSL code.  (*See* ECF No. 29 at 15-16.)

13

1    The absence of even an iota of evidence supporting Mr. Coffelt's "access"

2    and "copying" allegations, too, warrants the imposition of Rule 11 sanctions.

3    Rule 11(b)(3) requires that a plaintiff have "evidentiary support" for all factual

4    contentions at the time the complaint is filed.  *See also Truesdell v. S. Cal.*

5    *Permanente Med. Grp.*, 209 F.R.D. 169, 174-75 (C.D. Cal. 2002) (Under Rule 11,

6    "the question is whether, at the time the paper was presented to the Court . . . lacked

7    evidentiary support or contained 'frivolous' legal arguments."); *Herships v. Maher*,

8    1998 WL 164943, at *2 (N.D. Cal. Mar. 10, 1998) (Rule 11 imposes "an

9    affirmative duty to conduct a reasonable inquiry into the facts and the law *before*

10   *filing*") (emphasis in original).

11   Mr. Coffelt's hope that discovery may somehow substantiate his "outrageous

12   and frivolous" allegations does not avoid a Rule 11 violation.  *See In re Kunstler*,

13   914 F.2d 505 (4th Cir. 1990).  Like all litigants, Mr. Coffelt was obligated to obtain

14   evidentiary support for the factual allegations in his Complaint *before* filing it—not

15   after.  *See, e.g.*, *id.* ("While a lawyer may rely on discovery to reveal additional

16   facts to support claims which are well grounded in fact, Rule 11 sanctions are

17   appropriate when a lawyer attempts to use discovery to support outrageous and

18   frivolous claims for which there is no factual support.").

19   **C.    The Court Should Impose Both Monetary and Nonmonetary**

20   **Sanctions on Mr. Coffelt**

21   **1.    Mr. Coffelt Ignored Rule 11's Safe Harbor**

22   This motion should come as no surprise to Mr. Coffelt.  Autodesk served

23   Mr. Coffelt with this Motion for Rule 11 Sanctions on September 27, 2019, 21 days

24   before filing this motion with the Court.  (Hung Decl. ¶ 9.)   Even before serving

25   the motion, Autodesk sent a letter to Mr. Coffelt on August 26, 2019 setting forth

26   the bases for its Rule 11 motion and urging him to dismiss this action.  (*See* Hung

27   Decl., Ex. 5.)  Autodesk thus has more than complied with—and Mr. Coffelt has

28   ignored—Rule 11's safe harbor provision.

la-1425782

### 2. $2,000 Penalty into Court

Although Autodesk has already spent hundreds of thousands of dollars defending against Mr. Coffelt's frivolous claims, Autodesk does not seek reasonable attorneys' fees and other expenses under Rule 11(c)(4). Autodesk simply wants Mr. Coffelt's frivolous and harassing filings to stop.

Mr. Coffelt has taken full advantage of the judicial system and has proceeded *in forma pauperis* ("IFP") in this District in multiple cases, all of which were dismissed with prejudice. *See, e.g.*, *Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-37-RGK-MRW (C.D. Cal. Jan. 9, 2012) (allowing Mr. Coffelt to proceed IFP and waiving filing fee); *Coffelt v. Baker*, No. 5:13-cv-568-RGK-AS (C.D. Cal. Mar. 7, 2013) (allowing Mr. Coffelt to proceed IFP and waiving $350 filing fee); *Coffelt v. California Department of Corrections and Rehabilitation, et al.*, No. 5:13-cv-902-RGK-MR (allowing Mr. Coffelt to proceed IFP and waiving $400 filing fee). Following the dismissal of his last copyright suit, Mr. Coffelt also sought leave to proceed *in forma pauperis* in his appeal to the Ninth Circuit. Judge Olguin denied the requested leave, certifying that the appeal was "frivolous" and not brought in good faith. (RJN, Ex. 26.)

In this case, Mr. Coffelt moved *in limine* even before Defendants had an opportunity to respond to his Complaint. (ECF No. 28.) He also has moved to depose Autodesk's attorney (ECF No. 33), has indicated that he may amend his Complaint to add Autodesk subsidiaries and additional executives (ECF No. 34 at 5), and has threatened a libel action against Autodesk's counsel. (Hung Decl., Ex. 8.)

Mr. Coffelt's willful misconduct here is merely the latest in a long line of transgressions. To deter Mr. Coffelt from continuing to file harassing pleadings, written motions, and other papers that violate Rule 11(b), Autodesk requests that the Court order Mr. Coffelt to pay a $2,000 penalty into Court. This is a small

la-1425782

1   fraction of the sums that Autodesk has spent defending against not just one, but

2   three frivolous lawsuits by Mr. Coffelt.

3        Critically, in recognition of Mr. Coffelt's *pro se* status, Autodesk is *not*

4   seeking its attorneys' fees and expenses under Rule 11(c)(4).  Instead, Autodesk has

5   sought to limit its request to that "suffic[ient] to deter repetition of the conduct"

6   under that rule.

### 3. Pre-Filing Order Requiring Approval of Court Prior to Any New Filings

9        Autodesk further seeks nonmonetary sanctions in the form of a pre-filing

10   order enjoining Mr. Coffelt from filing related actions without prior leave of Court.

11   The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent

12   power to enter pre-filing orders.  *See, e.g.*, Fed. R. Civ. P. 11(c)(4) (sanctions

13   imposed "may include nonmonetary sanctions"); *Molski v. Evergreen Dynasty*

14   *Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); Manual of Complex Litigation, Fourth,

15   Federal Judicial Center 2004, at 19 (stating that under Rule 11, an appropriate

16   sanction for filing frivolous litigation include injunctive sanctions to prevent the

17   filing of future duplicative lawsuits).  Though such pre-filing orders are an extreme

18   remedy, "[f]lagrant abuse of the judicial process cannot be tolerated because it

19   enables one person to preempt the use of judicial time that properly could be used

20   to consider the meritorious claims of other litigants."  *Molski*, 500 F.3d at 1057

21   (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

22        An order imposing a pre-filing restriction on a litigant must:  (1) give notice

23   and an opportunity to be heard; (2) develop an adequate record for review; (3) make

24   substantive findings about the litigant's frivolous litigation history; and

25   (4) narrowly tailor the pre-filing restriction.  *See De Long*, 912 F.2d at 1147-48.

### a. Notice and opportunity to be heard

27        This motion was served on Mr. Coffelt at least 21 days before it was filed

28   with the Court.  Mr. Coffelt thus was given ample notice.  And because he is

entitled to an opposition, he has an opportunity to be heard.  *See Molski*, 500 F.3d at 1058-59; *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017) (finding that the chance to respond in writing is sufficient opportunity to be heard).

### b.   Adequate record for review

Mr. Coffelt's prior actions are detailed above and in Autodesk's motion to dismiss (ECF No. 29).  Autodesk also sought judicial notice of all of Mr. Coffelt's cases in this District since 2012.  (*See* ECF No. 30, Exs. 1-10, 34-35.)  There is therefore an adequate record of Mr. Coffelt's litigation history for the Court.

### c.   Substantive findings of Mr. Coffelt's frivolous litigation history

Autodesk urges the Court to find this case frivolous, just as Judge Olguin and the Ninth Circuit found Mr. Coffelt's last copyright suit to be.  (RJN, Ex. 26 at 2 & Ex. 30.)  Because this case is simply a repeat of his prior two actions against Autodesk that were dismissed with prejudice, it is similarly frivolous, and its filing vexatious.  *See, e.g.*, *Havensight Capital, LLC v. Facebook, Inc.*, No. CV 17-6727-FMO (MRWx), 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018) (granting Facebook's vexatious litigant motion when there were two prior federal actions against Facebook); *Boustred v. Gov't*, 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (finding plaintiff to be vexatious when plaintiff "brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants"); *see also Baker v. Dykema Gossett, LLP, et al.*, No. 2:16-cv-8434-GW-JEM, ECF No. 236, at 7 (C.D. Cal. Aug. 14, 2017); *aff'd* 2019 WL 4055188 (9th Cir. Aug. 28, 2019) (finding plaintiff to be a vexatious litigant and imposing pre-filing order under Rule 11 requiring plaintiff to seek approval prior to any new filings against defendant).

Mr. Coffelt's litigation tactics in these cases display a pattern of vexatious activity.  For instance, in his last copyright suit, Mr. Coffelt served or attempted to serve **348** discovery requests on Autodesk, including ones even before the parties

la-1425782

1    held their Rule 26(f) conference.  (*Copyright Suit I*, ECF No. 40 at 4.)  Judge

2    Olguin agreed that Mr. Coffelt's requests were harassing and stayed discovery.

3    (RJN, Ex. 24.)

4        In violation of that order, however, Mr. Coffelt "proceeded to file a series of

5    motions concerning discovery-related matters and alleging discovery-related

6    misconduct."  (RJN, Ex. 28.)  In response, Autodesk applied *ex parte* for an order

7    preventing Mr. Coffelt from filing future motions, which Judge Olguin granted.

8    (*Id.*, ECF No. 57.)  In granting Autodesk's application, Judge Olguin emphasized

9    that even "*[p]ro se* litigants such as plaintiff are not exempt from complying with

10   court orders, the requirements of the Federal Rules of Civil Procedure or a judicial

11   district's local rules."  (RJN, Ex. 24 at 1.)

12       Even after Judge Olguin dismissed Mr. Coffelt's last copyright suit with

13   prejudice, Mr. Coffelt continued filing motions in the district court as well as the

14   Ninth Circuit.  Mr. Coffelt filed two separate motions to amend the final judgment

15   in district court (*Copyright Suit I*, ECF Nos. 76 & 77), both of which the court

16   denied (RJN, Ex. 27).  He then petitioned for a writ of mandamus from the Ninth

17   Circuit, repeating arguments from his earlier motions and demanding that

18   Judge Olguin elaborate on his reasons for denying Mr. Coffelt's motions to amend

19   the judgment.  (*See Copyright Suit I*, ECF No. 85.)  This too was denied.  (RJN,

20   Ex. 29.)  Mr. Coffelt's continuous stream of filings prompted the district court to

21   warn him to stop filing additional documents while his appeal was pending—or risk

22   revocation of his electronic filing privileges.  (RJN, Ex. 28.)

23       Mr. Coffelt's actions in this case only confirm his vexatiousness.  Mr. Coffelt

24   has:  (i) already moved *in limine*, even before Defendants had an opportunity to

25   respond to his Complaint (ECF No. 28); (ii) moved to depose Autodesk's attorney

26   (ECF No. 33); (iii) indicated that he may amend his Complaint to add Autodesk

27   subsidiaries and additional executives (ECF No. 34 at 5); and (iv) threatened a libel

28

la-1425782

action (Hung Decl., Ex. 8).  All of these filings are frivolous and serve only to burden Autodesk and waste the Court's limited resources.

### d.     Narrowly-tailored pre-filing restriction

Finally, the fourth factor is met because the pre-filing restriction Autodesk seeks will only prevent Mr. Coffelt from using the Central District of California as a tool to harass Autodesk, its executives, or its subsidiaries and their executives, based upon any of the legal and/or factual claims alleged by Mr. Coffelt in the instant action, or any of his prior actions against Autodesk.

*       *       *

Because all four *De Long* factors have been satisfied, Autodesk asks the Court to impose nonmonetary sanctions under Rule 11(c)(4) against Mr. Coffelt in the form of a pre-filing restriction.  Mr. Coffelt has been using the Central District of California to file frivolous and harassing litigation against Autodesk, and has indicated his intention to continue doing so.  A pre-filing instruction is appropriate in such a situation.  *See, e.g.*, *Baker v. Dykema Gossett, LLP, et al.*, No. 2:16-cv-8434-GW-JEM, ECF No. 236, at 7 (C.D. Cal. Aug. 14, 2017); *aff'd* 2019 WL 4055188 (9th Cir. Aug. 28, 2019) (finding plaintiff to be a vexatious litigant and imposing pre-filing order under Rule 11 requiring plaintiff to seek approval prior to any new filings against defendant).

## V.     CONCLUSION

Seven lawsuits, all meritless.  Hundreds of thousands of dollars in legal fees incurred against the same *pro se* litigant.  Corporate executives named as individual defendants.  Demands for attorney depositions.  Motion practice, motion practice, and more motion practice—all during the pleading stage.   This must end.

Like his last "frivolous," "meritless," and "highly implausible" lawsuit, Mr. Coffelt knows that his latest lawsuit is "wholly without merit."  To potentially stop this harassment once and for all, Autodesk respectfully requests that the Court

19

1    order a $2,000 monetary penalty from Mr. Coffelt and enjoin him from filing

2    additional related actions without prior leave of Court.

3

4    Dated:  October 18, 2019                By: */s/ Richard S.J. Hung*
                                                  Richard S.J. Hung

5                                            MORRISON & FOERSTER LLP
6                                            Attorneys for Defendants ANDREW
                                             ANAGNOST, PASCAL W. DI
7                                            FRONZO, and AUTODESK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-1425782